**UNITED STATES ex rel. Roy SMITH**

v.

**A. T. RUNDLE, Supt.**

**Misc. No. 3653.**

United States District Court
E. D. Pennsylvania.
April 8, 1968.

Roy Smith, in pro. per.

## MEMORANDUM AND ORDER

HIGGINBOTHAM, District Judge.

The relator, an inmate at the State Correctional Institution, Graterford, Pennsylvania, has filed a petition for a writ of habeas corpus.

In his petition the relator raises the novel issue of whether he can offset his present sentence, arising from a 1962 conviction, with a "credit" owed him for time served under an invalid sentence imposed on a 1951 conviction in an unrelated matter.

■ Serving any period of time under an erroneously imposed or invalid sentence is unquestionably a serious deprivation. But, beyond revising or reversing an erroneous or invalid sentence, the extent of judicial redress is limited. While the banking laws may facilitate the transfer of old monetary credits to offset new debts, the Constitution authorizes no penal checking accounts. Accordingly, I find no constitutional requirement that the time relator served under a prior invalid prison sentence *must* be credited against the time he is presently serving on a subsequent valid sentence arising from unrelated offenses.

Subsequent to the filing of his original habeas corpus petition, the relator filed an amendment to the petition revising the basis for his allegations, and acknowledging that the Pennsylvania statute he earlier relied on [1] has no bearing on the issues involved in his case. He now contends that this court should direct the state courts to grant him a hearing in order to reconsider his present sentence, as law and justice require, in light of the fact that the previous sentence was not invalidated until after he was committed to prison to serve his present sentence. Thus, by inference, the sentencing court would have the opportunity, in its discretion, to accord the petitioner the credit which this court cannot require. After careful consideration of the amended petition, and for the reasons stated more fully hereafter, I am constrained to deny relator's prayer for relief, for failure to raise a substantial federal question.

The salient facts, as contained in the amended petition and the supplemental memoranda attached thereto, are the following:

Smith was arrested in Philadelphia in August, 1962, and charged with a series of robberies, aggravated assaults and attempted rapes. At trial in October, 1962, he pleaded guilty to some of the charges and was found guilty on the others. On December 21, 1962, Smith was sentenced to seven concurrent 10–20 year prison terms on some of the indictments, sentence being suspended on all other bills.

At the time of his arrest in 1962, the relator was on parole after serving approximately ten and one-half years of a 10–20 year sentence imposed in Delaware County in 1951, after conviction on charges of burglary and larceny. Subsequent to his conviction on the 1962 charges the Parole Board revoked the relator's parole on the 1951 sentence and directed that he serve the time remaining on that sentence before beginning to serve the 1962 sentence.

In 1964 the relator successfully attacked his 1951 conviction via a so-called "Gideon writ", and was granted a new trial. On re-trial the relator pleaded guilty to the charges there involved and received a suspended sentence.

In 1965 Smith petitioned for a writ of habeas corpus in the state courts, seeking to have the 1962 sentence credited with the approximately 10½ years served on the 1951 sentence. The petition was dismissed by the Philadelphia Quarter Sessions Court June 28, 1965; the decision was affirmed by the Superior Court of Pennsylvania, February 1, 1966; and the Pennsylvania Supreme Court denied allocatur, April 28, 1966.

---

1. 19 P.S. § 898. "Credit, custody prior to sentence. Any person who has been convicted of an offense in any court in this Commonwealth and sentenced to a term of imprisonment shall be given credit toward the service of his sentence for any days spent in custody on this offense prior to the imposition of his sentence, including any days spent in custody on this offense prior to the entry of bail." 1963 Aug. 14, P.L. 841, § 1.

Shortly before the Pennsylvania Supreme Court denied allocatur in the relator's case, it decided Commonwealth ex rel. Ulmer v. Rundle, 421 Pa. 40, 218 A.2d 233 (1966). In that case, involving a factual setting closely analogous to that of the present case, the court held Ulmer's previous conviction invalid on the ground that at trial he was not represented by counsel and had not been advised of his rights. It further held that since the earlier sentence was invalid, failure to credit the petitioner with the time served on that sentence before beginning to serve the subsequently imposed valid sentence would unduly lengthen his stay in prison. The court concluded that he was therefore entitled to have the latter sentence computed to run from the time that he was committed on the charge giving rise to that sentence, rather than from the time that the prior sentence was invalidated.

After learning of the decision in *Ulmer*, the relator filed a Post-Conviction Hearing Act petition alleging that the holding in that case was applicable to his case also. That petition was denied by the Philadelphia Common Pleas Court, October 26, 1966; the Superior Court affirmed; the Supreme Court again denied allocatur.[2] Thus, the relator has apparently exhausted his state judicial remedies as required by 28 U.S.C. § 2254.

In May, 1966, the relator filed a federal habeas corpus petition alleging the same grounds as those involved in the state court proceedings. That petition was dismissed May 25, 1966, for failure to raise a substantial federal question. The present unamended petition filed September 1, 1967, restated precisely the same allegations as the earlier petition which I

dismissed. But then on January 11, 1968, the relator filed an amendment to his petition, shifting the basis of his demands for credit.

The relator's second federal habeas, as amended, relies on two recently decided federal court decisions in support of his proposition that crediting of his present sentence with the time served on the prior invalidated sentence is required by federal due process. In the first, Hill v. Holman, 255 F.Supp. 924 (M.D.Ala. 1966), Hill, the petitioner, had served six years of an original ten year sentence, which judgment was later set aside by a state court. On re-trial Hill pleaded guilty to a lesser charge and received a sentence of a year and a day. In granting Hill's habeas corpus petition the federal court held that due process required that the petitioner have the time served on the prior erroneous sentence credited against the valid sentence later imposed; and that since the time already served was in excess of the latter sentence, the petitioner was entitled to immediate release.

The present case is distinguishable from Hill v. Holman in that there the sentence against which the time served on the previous defective sentence was credited arose out of the same incidents giving rise to the previous sentence and were imposed by the same court. Here the sentences were on unrelated offenses and were imposed in different counties. In the former case courts have consistently held it to be a denial of due process to treat time served on a defective sentence as "dead time" and not allowable as credit when a prisoner is re-tried and given a new sentence in excess of the time served under the old sentence.[3] In

2. In his brief to the Superior Court, the *Assistant Philadelphia District Attorney* asserted that he had been advised by prison authorities that the relator's Philadelphia sentence had been recomputed to run from August 17, 1962, the date on which Smith was ordered held for grand jury action, by the committing magistrate, on the charges of which he was ultimate-

ly convicted; and that, by his analysis, this was all that Commonwealth ex rel. Ulmer v. Rundle commanded.

3. King v. United States, 69 App.D.C. 10, 98 F.2d 291 (1938); Youst v. United States, 151 F.2d 666 (5th Cir., 1945); Cook v. United States, 171 F.2d 567 (1st Cir., 1948); Short v. United States, 120 U.S.App.D.C. 165, 344 F.2d 550 (1965).

the latter case the difficulties of requiring credit as a matter of due process are readily apparent. For example, as one court observed:

> "That would mean that the situation could be created wherein a person might have several years of prison time to apply to a sentence for a crime that he has not as yet committed or for which he has not been prosecuted."[4]

This does not mean that a sentencing court could not, if it wished, take into consideration the fact that a prisoner had spent some years incarcerated erroneously when sentencing on an unrelated offense; it merely means that it may not be *required* to do so.

But the relator does not rely completely on Hill v. Holman, supra; he also cites Bauers v. Yeager, 261 F.Supp. 421 (D.N.J.1966). In *Bauers*, the court held that crediting the petitioner's current sentence with the time previously served on a prior unrelated and subsequently invalidated sentence was not a requirement of federal due process; but, that due process did require that the petitioner be able to present to the sentencing court the fact that he had served time erroneously. And since in his case the previous sentence was expunged while he was serving the valid sentence, the sentencing court was deprived of knowledge of that fact in passing on his sentence. The District Court therefore granted the writ conditional on the petitioner's being given the opportunity to present his claims before the state court via a resentencing.

■ While *Bauers* is more readily analogous to the present case than is Hill v. Holman, supra, since it also involved unrelated sentences, I am unable to follow the path taken by that court. I concur with the holding of the District Court of New Jersey to the extent that it finds that due process requires that a state prisoner be given the opportunity to bring to the attention of the sentencing court the fact that he has previously served time on an erroneous sentence; and, if he has not had this opportunity because the prior sentence was invalidated subsequent to his sentencing on the valid sentence that he is then serving, that he be given a hearing to bring this fact to the attention of the sentencing court. But, I respectfully decline to follow that portion of the court's ruling which would require that the relator be granted, pursuant to a federal writ of habeas corpus—the opportunity to bring the matter before the state sentencing court anew, when he has raised the issue via state habeas corpus and post-conviction proceedings previous to filing his federal habeas corpus petition. In each of the state proceedings the relator fully raised the issues presented in his federal petition and they were rejected by the state courts. To now require the state courts to give "appropriate consideration" to the relator's federal due process claim after holding that claim to be untenable would be to do by indirection what I have directly disclaimed, and thereby initiate an unnecessary judicial proceeding.[5]

---

As noted by one court, in considering this issue:

> "The Government's brief suggests, in the vein of the Mikado, that because the first sentence was void appellant 'has served no sentence but merely spent time in the penitentiary;' that since he should not have been imprisoned he was not imprisoned at all. The brief deduces the corrollary that his nonexistent punishment cannot possibly be 'increased.' As other corrollaries it might be suggested that he is liable in quasi-contract for the value of his board and lodging and criminally liable for obtaining them by false pretences. We

cannot take this optimistic view. Though the appellant's first sentence was 'void,' he was threatened with and suffered imprisonment under it." King v. United States, supra, 98 F.2d at 293–294.

4. Bauers v. Yeager, 261 F.Supp. 421, 424 (D.N.J., 1966).

5. Parenthetically, it might be added that a factor distinguishing this case from Bauers v. Yeager, is that in Bauers the prior sentence was void ab initio since the defendant, a juvenile at the time was tried and sentenced as an adult, without the juvenile court's having waived jurisdic-

## ORDER

And now, this 8th day of April, 1968, after due consideration of the relator's amended petition for a writ of habeas corpus, it is hereby ordered that the petition be, and the same hereby is, denied, for failure to raise a substantial federal question.

A certificate of probable cause to appeal is denied. Fitzsimmons v. Yaeger, 391 F.2d 849 (3rd Cir., Feb. 17, 1968.)

tion. This defect could not be cured by re-trial and the conviction was expunged from the records. In the present case the relator was granted a re-trial at which he pleaded guilty. He could have been sentenced to a term even in excess of that to which he had formerly been sentenced. (Cf. U. S. ex rel. Starner v. Russell, 378 F.2d 808 (3rd Cir. 1967); United States v. Fairhurst, 388 F.2d 825 (3rd Cir., Feb. 1, 1968). It might be suggested that the suspended sentence the relator received at the re-trial was in recognition of the fact that he had already served ten years on those charges and was facing an additional 10–20 year sentence, rather than recognition by the court of any impropriety in the earlier sentence.