38

Richard Krantz, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs September 19, 1984; to Judges ROGERS, WILLIAMS, JR. and KALISH, sitting as a panel of three.

*Laurel Frankston Grass,* with her, *Robert N. Tarman,* Supervising Attorney, for petitioner.

*Robert A. Greevy,* Chief Counsel, with him, *Arthur R. Thomas,* Assistant Chief Counsel, *Jay C. Waldman,* General Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE WILLIAMS, JR., November 5, 1984:

This is an appeal by Richard Krantz (Krantz) who petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board) which denied him administrative relief from a Board recommitment order. That recommitment order returns Krantz to prison as a technical and convicted violator to serve fifteen months backtime. We affirm.

The facts of this case are not in dispute and present the following scenario. In 1977, Krantz received a sentence of one to ten years following his conviction for the offense of Robbery.[1] That sentence initially carried a maximum term expiration date of June 2, 1987. In 1978, the Board granted Krantz parole and he was released from the State Correctional Institution at Camp Hill (SCI-Camp Hill).

In early 1980, Krantz's whereabouts became unknown to the Board who declared him delinquent effective February 22, 1980. Krantz was arrested on

---

[1] 18 Pa. C. S. §3701.

December 30, 1980 as a parole violator and confined solely on a Board warrant thereafter. After conducting a parole Violation Hearing, the Board concluded that there was not sufficient evidence to prove Krantz violated his parole and he was released on August 4, 1981.

In 1982, the Board again placed Krantz in delinquent status effective April 21, 1982 after his whereabouts became unknown. Krantz was arrested by authorities in the State of Florida on June 27, 1982 on theft charges. The Board forwarded its warrant and detainer to Florida authorities on June 29, 1982. Krantz was subsequently convicted of grand theft in Florida.

Following his return to Pennsylvania, Krantz was given a parole Violation and Revocation Hearing at SCI-Camp Hill on October 13, 1983. As a result of that hearing, the Board ordered Krantz recommitted as a technical parole violator to serve six months on backtime and as a convicted parole violator to serve nine months on backtime for a total of fifteen months backtime. The Board also extended the maximum term expiration date of Krantz's 1977 Robbery sentence to December 21, 1991.[2] Krantz acknowledges that his maximum term expiration date was credited with the confinement time from December 30, 1980 to

---

[2] Section 21.1(a) of the Act of August 6, 1941 (Parole Act), P.L. 861, *as amended*, 61 P.S. §331.21a(a), mandates that where a parolee is recommitted to prison as a convicted violator for a new conviction, the parolee is entitled to no credit on the original sentence for time spent "at liberty" on parole. We have held that this section denies a convicted parole violator credit against his or her original sentence for any periods of time where the parolee was not actually incarcerated and serving that particular sentence. *See Cox v. Pennsylvania Board of Probation and Parole*, 78 Pa. Commonwealth Ct. 183, 185, 467 A.2d 90, 91 (1983) ; *Debnam v. Pennsylvania Board of Probation and Parole*, 71 Pa. Commonwealth Ct. 572, 574, 455 A.2d 297, 298 (1983).

August 4, 1981 and he does not challenge the Board's recomputation of that date. Krantz petitioned the Board for administrative relief[3] requesting that this prior confinement time also be credited against his backtime. The Board denied administrative relief and petition for review to this Court followed.

The sole issue which Krantz presents for resolution by this Court is whether due process requires the Board to credit his backtime with his prior confinement time resulting from a prior unrelated and unproven parole violation. As Krantz notes, this question seems to be one of first impression. We are also reminded of our limited scope of review of a Board recommitment order which is to determine whether the Board's findings are supported by substantial evidence, in accordance with law, and whether any constitutional rights have been violated. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *Zazo v. Pennsylvania Board of Probation and Parole,* 80 Pa. Commonwealth Ct. 198, 470 A.2d 1135 (1984).

There is no question that a parolee who is confined *solely* because of a Board warrant is entitled to have that confinement time credited against the parolee's initial sentence. *Gaito v. Pennsylvania Board of Probation and Parole,* 488 Pa. 397, 403, 412 A.2d 568, 571 (1980); *Davis v. Cuyler,* 38 Pa. Commonwealth Ct. 488, 492, 394 A.2d 647, 649 (1978). The Board argues that Krantz is only entitled to have such time credited

---

[3] The Board's regulations provide that a parolee who desires to file an administrative appeal from a Board order must do so within thirty days from the date of the Board's order. 37 Pa. Code §71.5 (h). This administrative appeal is a necessary prerequisite to our review of a Board order as the doctrine of exhaustion of administrative remedies requires that a parolee must exhaust *all available* administrative remedies before the right to judicial review of a Board recommitment order arises. *See Lantzy v. Pennsylvania Board of Probation and Parole,* 82 Pa. Commonwealth Ct. 626, 627, n. 2, 477 A.2d 18, 19, n. 2 (1984).

to his *maximum* term where he is later returned to prison as a parole violator on *unrelated* parole violations. Only where a parolee is recommitted for the *same* parole violations for which he or she was originally detained is that confinement time properly credited against both the minimum and maximum term of the original sentence. Krantz contends that since he was confined solely due to the Board's warrant on this particular sentence, he is entitled to have that confinement time credited against both the minimum and maximum terms of his sentence.

We begin our analysis with the fact that under Pennsylvania law, the sentence imposed for a criminal offense is the maximum term. The minimum term merely sets the date prior to which a prisoner may not be paroled. *Gundy v. Pennsylvania Board of Probation and Parole*, 82 Pa. Commonwealth Ct. 618, 623, 478 A.2d 139, 141 (1984). Under Pennsylvania law a prisoner has no absolute right to be released from prison on parole upon the expiration of the prisoner's minimum term. *Commonwealth ex rel. Rawlings v. Botula*, 260 F. Supp. 298, 299 (W.D. Pa. 1966). A prisoner has a right only to *apply* for parole at the expiration of his or her minimum term and have that application *considered* by the Board. *Banks v. Pennsylvania Board of Probation and Parole*, 4 Pa. Commonwealth Ct. 197, 200 (1971). The significance of a parolee's minimum term is that it establishes a parole eligibility date.

We are also compelled to distinguish the backtime imposed by the Board upon parole violators from sentences imposed by the judiciary upon convicted criminal defendants. A "sentence" has been defined as the judgment formally pronounced by the court upon a defendant who has been convicted in a *criminal* prosecution which awards the punishment to be inflicted. *See e.g., Commonwealth v. Giaccio*, 415 Pa. 139, 143,

n. 4, 202 A.2d 55, 58, n. 4 (1964). By comparison, "backtime" is merely that part of an *existing* judicially-imposed sentence which the Board directs a parolee to complete following a finding after a *civil* administrative hearing that the parolee violated the terms and conditions of parole, which time must be served before the parolee may again be eligible to be considered for a grant of parole. *Cf. McClure v. Pennsylvania Board of Probation and Parole,* 75 Pa. Commonwealth Ct. 176, 179, 461 A.2d 645, 646 (1983). We have previously held that the Board's imposition of backtime is not a sentence on the parole violation nor analogous to a sentence.[4] *Brown v. Pennsylvania Board of Probation and Parole,* 72 Pa. Commonwealth Ct. 427, 429, 456 A.2d 1141, 1142 (1983). Rather, when the Board imposes backtime, it is establishing a new parole eligibility date for the parolee, in effect, a re-computed minimum term. Upon completion of the Board-imposed backtime, the parolee has a right to again apply for parole and have the Board consider that application. *See Banks.*

The amount of backtime imposed for parole violations is left to the exclusive discretion of the Board. Section 21.1 of the Parole Act gives the Board the power to return parole violators to prison to serve the *entire remaining balance* of their unexpired maximum terms. A parole violator *may* be reparoled by the Board only when reparole is justified as in the best interests of the parolee *and* the interests of the Commonwealth will not be injured by a grant of reparole. 61 P.S. §331.21a; *see also Gundy,* 82 Pa. Commonwealth Ct. at 624, 478 A.2d at 142.

[4] We have also previously held that the provisions of the Sentencing Code, 42 Pa. C. S. §§9701-9781, neither expressly nor by implication, apply to the parole revocation procedures of the Board. *Trenge v. Pennsylvania Board of Probation and Parole,* 71 Pa. Commonwealth Ct. 523, 527, 456 A.2d 224, 225 (1983).

The presumptive ranges established by the Board to structure its discretion assign a range in terms of months to various parole conditions and for various crimes for which a parolee may be convicted. *See* 37 Pa. Code §§75.2 and 75.4. When the Board establishes by a preponderance of the evidence that a parolee has violated the terms of parole, the Board mandates that the parolee must spend a certain amount of time in prison before he or she may apply again for parole. This specific amount of time, the backtime, is taken from the presumptive ranges and is dependent upon the number, nature and seriousness of the parole violations. Where the Board varies from the presumptive ranges, by either increasing or decreasing backtime, it is required to state in writing the mitigating or aggravating reasons. *See* 37 Pa. Code §§75.1(c) and 75.3(c); *Corley v. Pennsylvania Board of Probation and Parole,* 83 Pa. Commonwealth Ct. 529, 533, 478 A.2d 146, 148 (1984). Therefore, when the Board determines an amount of backtime that a parole violator must serve before reapplying for parole, it is attempting to foresee when the parolee will, in light of the present proven parole violations and adjustment while on parole, become an acceptable parole risk. As the Board could, in its discretion, require a parole violator to serve his or her entire remaining unexpired term, if circumstances warrant, we fail to comprehend how due process would require the Board to grant a parolee credit against backtime for confinement time served on a prior unrelated and unproven parole violation.[5] We feel that due process is satisfied where

---

[5] We duly note that due process does not require that a criminal defendant receive credit on a subsequent unrelated sentence for time served on a prior invalid sentence. *See United States ex rel. Smith v. Rundle,* 285 F. Supp. 965 (E.D. Pa. 1966). There is no constitutional requirement that the time a defendant served on a prior invalid sentence must be credited against a subsequent valid sentence

the Board credits such confinement time to the parolee's maximum term. Since the Board has duly credited Krantz's maximum term with the prior confinement time, we reject his due process claim.

Finding no violation of constitutional rights or errors of law, we will affirm the order of the Board.

ORDER

AND Now, the 5th day of November, 1984, the order of the Pennsylvania Board of Probation and Parole, dated January 17, 1984, which denies administrative relief to Richard Krantz is hereby affirmed.

---

arising from unrelated offenses as the Constitution does not authorize penal checking accounts. *Id.* at 966. We find this significant in that criminal defendants are entitled to a greater panoply of constitutional safeguards and guarantees than are parolees. *Cf. Morrissey v. Brewer*, 408 U.S. 471, 480 (1972) (full panoply of rights due a criminal defendant do not apply to parolees).