518 A.2d 5

Donald D. Caldwell, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs August 27, 1986, to Judges MacPhail, Doyle and Barry, sitting as a panel of three.

*Cynthia N. Keller*, Assistant Public Defender, for petitioner.

*Arthur R. Thomas*, Assistant Chief Counsel, with him, *Robert A. Greevy*, Chief Counsel, for respondent.

Opinion by Judge Barry, November 20, 1986:

Donald Caldwell, the petitioner, appeals an order of the Pennsylvania Board of Probation and Parole (Board),

which denied petitioner's request that he be given a credit for six months he had served previously.

While on parole, petitioner pled guilty to illegal possession of a machine gun. As a result, he was recommitted as both a convicted and technical parole violator and ordered to serve six months backtime as a technical violator and twelve months backtime as a convicted violator. The technical violation was based on conduct which constituted the crime for which he was convicted. In 1982, petitioner was reparoled.

In January of 1985, petitioner pleaded guilty to unlawfully obtaining public assistance. As a result of the conviction, petitioner was recommitted as a convicted parole violator in May of 1985, and was ordered to serve thirty-six months backtime as a convicted violator. That matter is presently pending before this Court, petitioner having filed a petition for review.

In December of 1985, the Pennsylvania Supreme Court handed down its decision in *Rivenbark v. Pennsylvania Board of Probation and Parole,* 509 Pa. 248, 501 A.2d 1110 (1985), which held that one may not be recommitted as both a convicted and technical parole violator when the technical violation constituted the same conduct which formed the basis of the new criminal conviction. In January of 1986, petitioner, by letter to the Board, requested that he be given credit for the six months backtime he had served as a technical violator for the machine gun incident. The Board refused to grant such a credit and this appeal followed.

The Board concedes that *Rivenbark* is retroactive and that, under such retroactive application, petitioner was erroneously recommitted for a six month period as a technical parole violator. Nonetheless, the Board argues that petitioner should not be entitled to a credit against the backtime he was ordered to serve for the parole violations which resulted in the revocation of his parole in 1985. We agree.

In *Krantz v. Pennsylvania Board of Probation and Parole,* 86 Pa. Commonwealth Ct. 38, 483 A.2d 1044 (1984), a parolee was arrested on December 30, 1980 for alleged technical parole violations. Some seven months later, the parolee was released from prison when the Board found that such violations had not been proved at the hearing. When the parolee was subsequently recommitted for fifteen months on unrelated parole violations, he sought to have time spent in prison in 1980-81 credited against the fifteen month commitment. The Board refused the credit and we affirmed. As Judge WILLIAMS stated:

We duly note that due process does not require that a criminal defendant receive credit on a subsequent unrelated sentence for time served on a prior invalid sentence. See United States ex rel. Smith v. Rundle, 285 F. Supp. 965 (E.D. Pa. 1966). There is no constitutional requirement that the time a defendant served on a prior invalid sentence must be credited against a subsequent valid sentence arising from unrelated offenses *as the Constitution does not authorize penal checking accounts.*

86 Pa. Commonwealth Ct. at 44-45, n. 5, 438 A.2d at 1048 n. 5 (emphasis added).

Affirmed.

## ORDER

NOW, November 20th, 1986, the decision of the Pennsylvania Board of Probation and Parole, dated February 5, 1986, denying petitioner a credit, is affirmed.