533 A.2d 1133

Robert P. DeVault, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs June 12, 1987, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Henry B. Furio,* Assistant Public Defender, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY JUDGE BLATT, December 2, 1987:

Robert DeVault (petitioner) petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board) which granted in part his request for administrative relief. In granting the petitioner's request, the Board deleted any reference to technical violations for which the petitioner was also recommitted as a convicted parole violator.

The petitioner, while on parole, was arrested for receiving stolen property and for violating the Uniform Firearms Act. He was thereafter convicted in the Fayette County Court of Common Pleas and sentenced to serve two to five years. On July 30, 1980, the Board recommitted him to serve eighteen months backtime as a convicted parole violator for the above-mentioned convictions and twelve months as a technical parole violator for possessing a weapon.[1] On January 18, 1983 he was

---

[1] The petitioner was apprehended with a loaded gun in his possession in violation of 37 Pa. Code §63.4(5)(ii).

paroled from his original sentence to begin serving his new sentence of two to five years. On March 23, 1984 and December 10, 1984, he was refused parole on the new sentence, and on December 13, 1984 he was recommitted as a technical parole violator to serve six months backtime for failure to abide by the rules and regulations of the institution in which he was incarcerated. On May 5, 1986, the Board ordered that the petitioner be reparoled on May 20, 1986. In August 1986, he was again recommitted for nine months as a multiple technical parole violator. The petitioner requested administrative relief from his July 30, 1980 recommitment. Accordingly, on October 16, 1986, the Board deleted all references to the technical parole violations pursuant to *Rivenbark v. Pennsylvania Board of Probation and Parole*, 509 Pa. 248, 501 A.2d 1110 (1985), but reaffirmed its recommitment of the petitioner as a convicted parole violator and indicated that his maximum term expiration date was July 30, 1985. The petitioner was thereafter reparoled to his new sentence on November 28, 1986.

The petitioner contends that the Board erred in deleting all references to the July 30, 1980 technical parole violation without also deleting the twelve months backtime for that violation. Accordingly, he contends that his "expiration date" (maximum term expiration date), after the deletion of the twelve months should be May 2, 1986.[2] And, our scope of review is limited to determining whether or not constitutional rights were violated, an error of law was committed, or a necessary finding is unsupported by substantial evidence. *Zazo v. Pennsylvania Board of Probation and Parole*, 80 Pa. Commonwealth Ct. 198, 470 A.2d 1135 (1984).

---

[2] The Petitioner contends that the twelve months backtime served should be credited to his maximum term expiration date of May 2, 1987 to give him a new maximum term expiration date of May 2, 1986.

Preliminarily, we note that *Rivenbark* is retroactive, and that, under such retroactive application, the petitioner was erroneously recommitted for twelve months as a technical parole violator. *See Caldwell v. Pennsylvania Board of Probation and Parole,* 102 Pa. Commonwealth Ct. 287, 518 A.2d 5 (1986). We have also held, however, that the imposition of backtime by the Board is a civil administrative decision merely establishing a new parole eligibility date, and the amount of backtime is within the sound discretion of the Board. *Krantz v. Pennsylvania Board of Probation and Parole,* 86 Pa. Commonwealth Ct. 38, 483 A.2d 1044 (1984). Moreover, a parolee is not entitled to receive credit on a subsequent unrelated parole revocation for time served on a prior, invalid recommitment. *Caldwell.* Accordingly, we can find no error by the Board in refusing to credit the twelve months backtime erroneously served by the petitioner to the backtime ordered for a subsequent parole violation.

We must determine, therefore, whether or not the Board erred in refusing to credit the twelve months which the petitioner spent in confinement to his maximum term for a subsequent conviction. In *Krantz,* Judge WILLIAMS stated that:

> We duly note that due process does not require that a criminal defendant receive credit on a subsequent unrelated sentence for time served on a prior invalid sentence. See United States ex rel. Smith v. Rundle, 285 F. Supp. 965 (E.D. Pa. 1966). There is no constitutional requirement that the time a defendant served on a prior invalid sentence must be credited against a subsequent valid sentence arising from unrelated offenses as the Constitution does not authorize penal checking accounts.

*Id.* at 44-45 n. 5, 438 A.2d at 1048 n. 5. Furthermore, the Board is without authority to credit erroneously

served backtime to reduce a maximum parole expiration date because the amount of backtime to be served is a civil administrative decision, and the maximum term expiration date is set by a trial judge upon a criminal conviction. *See* Section 21.1a(a) of the Penal Code.[3]

Accordingly, inasmuch as the Board can neither delete backtime that has already been served nor alter a criminally imposed maximum term expiration date, the petitioner here has received all the relief to which he is entitled under *Rivenbark*.

We will, therefore, affirm the order of the Board.

---

[3] Section 21.1a(a) of the Act of August 6, 1941 (Penal Code), P.L. 861, *as amended*, 61 P.S. §331.21a(a) provides that:

Convicted Violators. Any parolee under the jurisdiction of the Pennsylvania Board of Parole released from any penal institution of the Commonwealth who, during the period of parole or while delinquent on parole, commits any crime punishable by imprisonment, for which he is convicted or found guilty by a judge or jury or to which he pleads guilty or nolo contendere at any time thereafter in a court of record, may, at the discretion of the board, be recommitted as a parole violator. If his recommitment is so ordered, he shall be reentered to serve the remainder of the term which said parolee would have been compelled to serve had he not been paroled, and he shall be given no credit for the time at liberty on parole. The board may, in its discretion, reparole whenever, in its opinion, the best interests of the prisoner justify or require his release on parole and its [sic] does not appear that the interests of the Commonwealth will be injured thereby. The period of time for which the parole violator is required to serve shall be computed from and begin on the date that he is taken into custody to be returned to the institution as a parole violator.

If a new sentence is imposed upon such parolee, the service of the balance of said term originally imposed shall precede the commencement of the new term imposed. . . .

ORDER

AND NOW, this 2nd day of December, 1987, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is affirmed.