**Curtis WILLIAMS, Petitioner,**

v.

**PENNSYLVANIA BOARD
OF PROBATION AND
PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 10, 2003.

Decided Dec. 4, 2003.

unfair prejudice, confusion of the issues, or

James M. McClure, Huntingdon, for petitioner.

Tara L. Patterson, Harrisburg, for respondent.

BEFORE: COLINS, President Judge, and McGINLEY, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

Curtis Williams (Petitioner) petitions for review from a determination of the Pennsylvania Board of Probation and Parole (Board) which denied Petitioner's request for administrative relief and recommitted him as a convicted parole violator to serve six months backtime, establishing his parole violation maximum date at February

misleading the fact finder).

13, 2004. We vacate the order of the Board and remand.

On July 28, 1999, Petitioner was sentenced to a term of imprisonment of 18 months to three years for aggravated assault. On January 28, 2001, after serving his minimum sentence, Petitioner was released on parole. Conditions of his parole required Petitioner to "[c]omply with all municipal, county, state, and Federal criminal laws, as well as the provisions of the Vehicle Code ..." Conditions Governing Parole at 1. Additionally, Petitioner was ordered to refrain from the use of controlled substances and not change his address "without the written permission of the parole supervision staff." Conditions Governing Parole at 1.

In April of 2001, Petitioner tested positive for cocaine. Following a director's conference later that month, it was stipulated that Petitioner should complete an in-patient treatment program. Upon his release from the in-patient program in July of 2001, Petitioner stopped reporting to his parole officer. In October of 2001, he was declared delinquent.

On March 31, 2002, Petitioner was stopped by police and was unable to provide a driver's license and registration. Petitioner became agitated when the police attempted a "pat down search" and eventually began flailing his arms. Petitioner was charged with disorderly conduct, false identification and driving with a suspended

license. The following day, the Board issued a warrant to commit and detain.

Petitioner failed to post bail on the new charges. On August 13, 2002, after pleading guilty to the new charges, Petitioner was sentenced to one month to twelve months and given credit for time served.

While the new charges were pending, the Board recommitted Petitioner as a technical parole violator for "change of residence without permission." In September of 2002, after the conviction on the new charges, a hearing was held before a panel of the Board. At the hearing, Petitioner did not contest his conviction. Petitioner was recommitted as a convicted parole violator. Petitioner filed a request for administrative relief, which the Board denied. Petitioner filed a petition for review with this Court and Petitioner's Counsel filed a motion to withdraw, which was denied without prejudice.[1]

Petitioner contends that the Board erred in establishing Petitioner's parole violation maximum date by refusing to credit Petitioner for time served in a community corrections center.[2]

In *McMillian v. Pennsylvania Board of Probation and Parole*, 824 A.2d 350 (Pa. Cmwlth.2003), our Court reversed the Board and awarded Anthony McMillian credit to his maximum sentence for time served in a community corrections center. We held that the time served in a voluntary in-patient drug rehabilitation center

---

1. Our review is limited to determining whether the Board's findings are supported by substantial evidence, are in accordance with the law, and whether constitutional rights have been violated. *Krantz v. Board of Probation and Parole*, 86 Pa.Cmwlth. 38, 483 A.2d 1044 (1984). This Court will interfere with the Board's exercise of administrative discretion where it has been abused or exercised in an arbitrary or capricious manner. *Green v. Board of Probation and Parole*, 664 A.2d 677 (Pa.Cmwlth.1995).

2. The Board contends that the issue of credit for time served in the community corrections center was not raised before the Board and was therefore waived. We have determined that the issue was raised in Petitioner's Request for Administrative Relief wherein he asks for credit for time served. See Petitioner's Request for Administrative Relief, December 13, 2002, at 1.

can constitute imprisonment for purposes of credit toward a mandatory minimum sentence.

In the present controversy, we have no testimony regarding the custodial nature of Petitioner's time served in the community corrections center. Accordingly, we must vacate the decision of the Board and remand so that a factual record may be established regarding the custodial nature of the Gaudenzia Group Home and the extent of control, if any, the staff members exercised over Petitioner.

### ORDER

AND NOW, this 4th day of December, 2003 the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is vacated and we remand to the Board for proceedings consistent with this opinion.

Jurisdiction relinquished.