IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shameek Adams,                         :
                    Petitioner         :
                                       :
          v.                           :    No. 796 C.D. 2015
                                       :    Submitted: December 31, 2015
Pennsylvania Board of Probation        :
and Parole,                            :
                    Respondent         :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
          HONORABLE MARY HANNAH LEAVITT, Judge[1]
          HONORABLE ANNE E. COVEY, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE LEAVITT                                    FILED: April 22, 2016

          Shameek Adams petitions for review of an adjudication of the
Pennsylvania Board of Probation and Parole (Board) denying his administrative
appeal. Adams' appointed counsel, Douglas J. Campbell, Esquire (Counsel), has
petitioned for leave to withdraw his representation. For the reasons that follow, we
grant Counsel's petition and affirm the Board's order.

          Adams is currently incarcerated in the State Correctional Institution at
Houtzdale on a five to ten year sentence for five counts of Contraband/Controlled
Substance and one count of Criminal Conspiracy-Contraband/Controlled
Substance. At the time of his conviction, Adams' minimum release date was

---

[1] This case was assigned to the opinion writer before January 4, 2016, when Judge Leavitt became President Judge.

October 27, 2013, and his maximum release date was October 27, 2018. Adams was paroled on October 27, 2013.

On May 1, 2014, Adams was arrested on new criminal charges. That same day, the Board lodged a detainer against Adams. By decision recorded June 17, 2014, the Board detained Adams pending disposition of the new criminal charges. On October 27, 2014, Adams pled guilty to two counts of Theft by Deception-False Impression and one count of Criminal Conspiracy-Theft by Deception. The court sentenced Adams to time served to 23 months of imprisonment in the county jail followed by a term of probation. Immediately thereafter, the court paroled Adams from the new sentence. Adams was returned to a State Correctional Institution on November 5, 2014.

On November 24, 2014, Adams waived his right to a panel hearing. The Board conducted a revocation hearing on December 12, 2014. By decision mailed February 10, 2015, the Board recommitted Adams as a convicted parole violator to a term of imprisonment of 12 months. The Board chose not to automatically reparole Adams following his 12-month recommitment term. Consequently, the Board calculated Adams' reparole eligibility date to be October 27, 2015, and his maximum sentence date to be April 24, 2019.

On February 24, 2015, Adams, *pro se*, filed an administrative appeal of the Board's decision. Adams argued that the Board's recommitment order violated his constitutional right not to be placed in double jeopardy and exceeded the maximum amount of confinement for the crimes Adams committed.[2] By

---

[2] Specifically, Adams asserted that "the Parole Board decision to recommit for 12 months incarceration, is a double jeopardy action, the M-1 offense holds maximum 90 day confinement, and the parole action triples the penalty." Certified Record at 148.

2

decision mailed April 24, 2015, the Board denied Adams' appeal. The Board explained:

> [B]ecause the offense occurred while you were on parole, was punishable by imprisonment and resulted in convictions in a court of record, the Board had discretion to recommit you as [a] convicted parole violator. 61 Pa. C.S. §6138(a)(1). The fact that the Board chose to recommit you to a state correctional institution in this instance, as opposed to continuing you on parole, is not grounds for relief because that decision is a matter of discretion. Moreover, since the Board chose to recommit you as a convicted parole violator, *your original sentence had to be recalculated to reflect that you received no credit for the period you were at liberty on parole*. 61 Pa. C.S. §6138(a)(2). As such, the Board acted within its authority by recommitting you as a convicted parole violat[or] and recalculating your maximum sentence date to reflect that you received no credit for the time you were at liberty on parole.
>
> The Board chose to recommit you to serve your unexpired term of 12 months for the aforementioned violations. The presumptive recommitment range for a conviction of: (1) theft by deception is 6 – 12 months per count (2 counts); and (2) conspiracy to [commit] theft by deception is 6 – 12 months. Thus, the aggregate presumptive recommitment range is 6 – 36 months. 37 Pa. Code §75.2. Therefore, the 12 month recommitment period imposed for your violations falls within the presumptive range and is not subject to challenge. *Smith v. Pennsylvania Board of Probation and Parole*, 574 A.2d 558 (Pa. 1990).

Certified Record at 152 (emphasis added). Adams petitioned for this Court's review.

On appeal,[3] Adams contends that the Board erred in denying his administrative appeal because his new crimes were misdemeanors punishable by a

---

[3] In conducting our review, we must determine whether an error of law was committed, constitutional rights were violated, or the Board's decision is supported by substantial evidence. **(Footnote continued on the next page . . .)**

maximum of 90 days incarceration. Adams also argues that the Board's recommitment order violated his constitutional right not to be placed in double jeopardy. Adams asks this Court to reverse the decision of the Board and order the Board to release him on parole. On December 10, 2015, Counsel filed a petition for leave to withdraw and a no-merit letter explaining why there is no legal basis for Adams' appeal.

In *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), our Supreme Court established the requirements that counsel must meet in order to withdraw from representation. As summarized by this Court,

> counsel seeking to withdraw from representation of a petitioner seeking review of a determination of the Board must provide a "no-merit" letter which details "the nature and extent of [the attorney's] review and list[s] each issue the petitioner wished to have raised, with counsel's explanation of why those issues are meritless.

*Zerby v. Shanon*, 964 A.2d 956, 961 (Pa. Cmwlth. 2009) (citations omitted). Furthermore, counsel must send to the petitioner: (1) a copy of the no-merit letter; (2) a copy of counsel's petition to withdraw; and (3) a statement advising the petitioner of his right to proceed either *pro se* or with new counsel. *Id*. at 960. If counsel has complied with the requirements set forth in *Turner*, then this Court may consider the merits. *Id*. However, if counsel fails to meet any of these requirements, our analysis ends. *Id*.

In the matter *sub judice*, Counsel has filed a no-merit letter with this Court which outlines his review of Adams' petition and explains his conclusion

---

**(continued . . .)**

*Wilson v. Pennsylvania Board of Probation and Parole*, 124 A.3d 767, 769 n.4 (Pa. Cmwlth. 2015).

that Adams' arguments lack merit. The record also establishes that Counsel has submitted all necessary documentation to Adams. Accordingly, Counsel has complied with the requirements of *Turner*. Therefore, we may consider the merits of Adams' petition.

Adams first argues that the Board's recommitment term violates his constitutional right not to be placed in double jeopardy. This argument presumes that Adams is being incarcerated for his new crimes, and this is not accurate. Adams is serving his original sentence, from which he was paroled on October 27, 2013. The effect of his conviction while on parole was to reset his original sentence without any credit for time spent on parole. Simply, double jeopardy is not implicated when a parole violator is returned to prison to serve his original sentence. In any case, "parole revocation proceedings before the [B]oard are administrative in nature rather than criminal. Thus, the constitutional protections against double jeopardy do not apply." *Epps v. Pennsylvania Board of Probation and Parole*, 565 A.2d 214, 217 (Pa. Cmwlth. 1989).

Adams also argues that his recommitment term exceeds the presumptive ranges of permissible incarceration because the statutory maximum penalty for the misdemeanors he committed while on parole is 90 days. This argument also lacks merit.

As noted, a criminal parole violator does not get credit for time he spent at liberty while on parole towards his original sentence. *Krantz v. Pennsylvania Board of Probation and Parole*, 483 A.2d 1044, 1046 n.2 (Pa. Cmwlth. 1984). He loses this time, often called "backtime," which is returned to his original sentence. *Id*. at 1047. The amount of backtime to be served on the original sentence is a function of the severity of the crime committed while on

5

parole. The Parole Board's regulation sets forth presumptive ranges for confinement of a convicted parole violator, which states that the crimes of Theft by Deception and Conspiracy to Commit Theft by Deception each carry a range of 6 to 12 months. The presumptive recommitment range for Adams' convictions of two counts of theft and one count of conspiracy was 6 to 36 months. *See* 37 Pa. Code §75.2 (the crimes of theft by Deception and Conspiracy to Commit Theft by Deception each have a range of 6 to 12 months). The Board recommitted Adams for 12 months, which was well within the presumptive range. Thus, as noted by the Board, Adams' recommitment period is not subject to challenge. *See Smith v. Pennsylvania Board of Probation and Parole*, 574 A.2d 558, 560 (Pa. 1990).

For these reasons, we grant Counsel's petition to withdraw his representation and affirm the order of the Board.

_____
MARY HANNAH LEAVITT, Judge

6

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shameek Adams,                         :
                    Petitioner          :
                                       :
          v.                           :    No. 796 C.D. 2015
                                       :
Pennsylvania Board of Probation        :
and Parole,                            :
                    Respondent          :

# **O R D E R**

AND NOW, this 22nd day of April, 2016, it is hereby ORDERED that the Petition to Withdraw as Counsel, filed by Douglas J. Campbell, Esquire, in the above-captioned matter is GRANTED and the order of the Pennsylvania Board of Probation and Parole dated April 24, 2015, is hereby AFFIRMED.

_____
MARY HANNAH LEAVITT, Judge