IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Eric J. Papp,                          :
                                       :
                    Petitioner         :
                                       :
          v.                           :  No. 884 C.D. 2017
                                       :  Submitted: December 15, 2017
Pennsylvania Board                     :
of Probation and Parole,               :
                                       :
                    Respondent         :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE J. WESLEY OLER, Jr., Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                    FILED:  April 17, 2018


          Eric J. Papp petitions for review of the June 2, 2017 order of the
Pennsylvania Board of Probation and Parole (Board) denying his request for
administrative relief and affirming the Board's parole revocation decision of April
5, 2016.  We vacate and remand.

          On May 17, 2002, Papp was sentenced to an aggregate term of 7 to 14
years confinement.  Certified Record (C.R.) at 1-2.  His original minimum release
date was May 17, 2009, and his original maximum release date was May 17, 2016.
*Id.*  On March 13, 2009, the Board granted Papp parole and he was released on
September 10, 2009, with 2,441 days remaining on his sentence.  C.R. at 5-11.

On March 23, 2015, Papp was arrested on new criminal charges. C.R. at 13-15. That same day, the Board issued a warrant to commit and detain Papp. C.R. at 26. On May 28, 2015, Papp posted bail on his new charges and remained confined solely under the Board's detainer. C.R. at 23.

On July 23, 2015, Papp pled guilty to the new charges and received a sentence of three to six months confinement in a county institution. C.R. at 22-23. The Board scheduled a parole revocation hearing, but Papp waived his right to representation by counsel and his right to a detention hearing. C.R. at 32-33, 41-43. By decision with a mailing date of April 5, 2016, the Board referred to its decision from September 16, 2015, where it voted to revoke Papp's parole and determined that he should be recommitted to a state correctional institution as a convicted parole violator (CPV) in order to serve 12 months of backtime[1] when available. C.R. at 53-54, 56. The Board awarded Papp credit for the time he was confined from March 23, 2015, through June 8, 2015. C.R. at 57. The Board recalculated his maximum release date as August 28, 2022. *Id.*

Papp filed a request for administrative relief of the Board's revocation decision on April 21, 2015. C.R. at 60. In his request, Papp argued that the Board erred in failing to award him credit for the time he was confined from June 9, 2015, through September 8, 2015, when he began serving his county sentence, towards his

---

[1] This Court has previously defined the term backtime as:

> [T]hat part of an *existing* judicially-imposed sentence which the Board directs a parolee to complete following a finding after a *civil* administrative hearing that the parolee violated the terms and conditions of parole, which time must be served before the parolee may again be eligible to be considered for a grant of parole.

*Krantz v. Pennsylvania Board of Probation and Parole,* 483 A.2d 1044, 1047 (Pa. Cmwlth. 1984) (emphasis in original).

original sentence, in general, and towards the 12 months backtime imposed by the Board, specifically. C.R. at 62. Additionally, he argued that the Board erred in not awarding him credit for the time he spent at liberty prior to his March 23, 2015 arrest. C.R. at 63. In a decision mailed June 2, 2017, the Board denied Papp's request for administrative relief and affirmed its decision. Papp then filed a petition seeking this Court's review.

On appeal,[2] Papp argues that the Board erred in failing to credit his original sentence from the date he posted bail on May 28, 2015, until September 8, 2015, when he began his new county sentence. Our Supreme Court in *Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568, 571 (Pa. 1980), held that

> if a defendant is being held in custody solely because of a detainer lodged by the Board and has otherwise met the requirements of bail on the new criminal charges, the time which he spent in custody shall be credited against his original sentence.

Here, the Board awarded Papp credit for the time he was held in custody on its detainer from March 23, 2015 through June 8, 2015. However, the Board did not award Papp credit for the time he was held in custody solely under the Board's detainer from June 9, 2015, until he began serving his new county sentence on September 8, 2015. In its brief, the Board admits that it should have awarded Papp credit for that time. Upon review, we agree that the Board should have awarded Papp credit for the 92 days he was held solely on the Board's detainer from June 9,

[2] Our scope of review is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. *McNally v. Pennsylvania Board of Probation and Parole*, 940 A.2d 1289, 1292 (Pa. Cmwlth. 2008).

2015, through September 8, 2015, in addition to the 77 days for which it awarded him credit for the time he was detained from March 23, 2015, through June 8, 2015, for a total of 169 days of credit against his original sentence.

Papp next argues that the Board erred by not awarding him credit for the time he spent at liberty on parole prior to his March 23, 2015 arrest and by failing to give a reason for the denial.

Section 6138(a)(1) of the Prisons and Parole Code (Parole Code) provides that any parolee who, during the period of parole, commits a crime punishable by imprisonment and is convicted or found guilty of that crime may be recommitted as a CPV. 61 Pa. C.S. §6138(a)(1). Section 6138(a)(2), (2.1) of the Parole Code further states that a parolee recommitted as a CPV must serve the remainder of the term that he would have been compelled to serve had parole not been granted, with no credit for the time spent at liberty on parole, unless the Board exercises its discretion to award credit. 61 Pa. C.S. §6138(a)(2), (2.1).

Our Supreme Court in *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466, 473 (Pa. 2017), held that Section 6138(a)(2.1) "unambiguously grants the Board discretion to award credit to a CPV recommitted to serve the remainder of his sentence," except when he is recommitted for the reasons stated in Subsections 6138(a)(2.1)(i) and (ii). Additionally, the *Pittman* Court held that whether the Board decides to award or deny credit to a CPV, a contemporaneous statement explaining the rationale behind its decision is necessary "in order to effectuate the dictates of the Pennsylvania Constitution, to honor the basic notions of due process, and to comport with the intent of the General Assembly in enacting [S]ection 6138(a)(2.1)." *Id.* at 474-75.

4

The Board argues that it provided Papp a reason for its decision because on the same page of the Hearing Report where it indicated that Papp would be denied credit for time spent at liberty on parole, it stated that he committed his new "DUI while on supervision for DUI homicide." C.R. at 47. In support of its argument, the Board relies on *Colon-Vega v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 2496 C.D. 2015, filed August 26, 2016).[3] In *Colon-Vega*, the Board explicitly noted on the Hearing Report that it "does not recommend that the inmate be given credit for time under supervision" because "[h]e suffered 2 new convictions for Drug Sales while on parole for Drug Sales." *Id.* slip op. at 1.

Here, however, the Board provided no explicit statement explaining why it denied credit for Papp's time spent at liberty. On the Hearing Report, the statement the Board identifies as its reason for denying credit is not made in reference to the Board's decision to deny credit. Instead, it is made in reference to whether circumstances of the new conviction provided aggravating factors for Papp's CPV recommitment term. C.R. at 47. In fact, there is no place on the Hearing Report form where the Board could unambiguously provide a statement explaining its decision to grant or deny credit to a CPV.

The Board further argues that it provided its reasoning again in its decision from September 16, 2015, but this, too, only references its reasoning as it applies to why Papp was recommitted as a CPV and the recommitment term he received for the violation. C.R. at 53. At no point in that decision does the Board address the issue of denying Papp credit, let alone provide a reason for doing so. Pursuant to the Supreme Court's holding in *Pittman*, without such a statement, we

---

[3] *See* Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code §69.414(a) ("Parties may . . . cite an unreported panel decision of the court issued after January 15, 2008, for its persuasive value, but not as binding precedent.").

are unable to determine whether the Board acted arbitrarily or misinterpreted and misapplied the law. Consequently, though the law is clear that the Board has the discretion to grant or deny credit, we agree with Papp that the Board erred in failing to provide a reason for its decision.

Accordingly, we vacate the decision of the Board and remand this matter to the Board for further proceedings consistent with this opinion.

_____
MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Eric J. Papp, : 
 : 
          Petitioner : 
 : 
      v. : No. 884 C.D. 2017
 : 
Pennsylvania Board : 
of Probation and Parole, : 
 : 
        Respondent : 

O R D E R


AND NOW, this 17th day of April, 2018, the order of the Pennsylvania Board of Probation and Parole, dated June 2, 2017, is VACATED and this matter is REMANDED for further proceedings consistent with this opinion.

Jurisdiction is RELINQUISHED.


_____
MICHAEL H. WOJCIK, Judge