# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Billy Gibson, | : |
| | : |
| Petitioner | : |
| | : |
| v. | : No. 1456 C.D. 2016 |
| | : Submitted: February 3, 2017 |
| Pennsylvania Board of | : |
| Probation and Parole, | : |
| | : |
| Respondent | : |

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
HONORABLE PATRICIA A. McCULLOUGH, Judge
HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                    **FILED:  March 30, 2017**

Before this Court is the August 22, 2016 petition of Billy Gibson for review of the August 1, 2016 decision of the Pennsylvania Board of Probation and Parole (Board) that dismissed as untimely both his March 22, 2016 (postmarked March 8, 2016) and May 6, 2016 (postmarked May 4, 2016) requests for administrative review.[1]  Mr. Gibson's March 2016 and May 2016 requests sought review of the Board's September 24, 2015 determination that recommitted him for

---

[1] The Board's response indicated that: "[t]he record in this matter reveals that the Board decision that established your parole violation maximum date was mailed to you on September 24, 2015. The Board's regulations provide that a petition for administrative review must be received at the Board's Central Office within 30 days of the mailing date of the Board's determination.  37 Pa. Code § 73.1(b)(1).  Your filing was not received within the applicable time period.  Accordingly, the request for administrative relief is DISMISSED as untimely."  (Certified Record at 124, Board Response.)

18 months of backtime and recalculated his maximum sentence date to February 8, 2019. Also before this Court is the application of Richard C. Shiptoski, Esq., Assistant Public Defender of Luzerne County (Counsel), for leave to withdraw as attorney for Mr. Gibson. For the following reasons, we grant Counsel's application for leave to withdraw and affirm the Board's August 1, 2016 determination to dismiss Mr. Gibson's requests for administrative relief as untimely.

Before this Court can consider the merits of Mr. Gibson's Petition for Review, we must first address Counsel's application to withdraw and determine whether Counsel has satisfied the requirements that appointed counsel must meet before leave to withdraw may be granted. *Seilhamer v. Pennsylvania Board of Probation and Parole*, 996 A.2d 40, 42-44 (Pa. Cmwlth. 2010); *Reavis v. Pennsylvania Board of Probation and Parole*, 909 A.2d 28, 33 (Pa. Cmwlth. 2006).

When appointed counsel for an inmate in an appeal from a decision of the Board seeks to withdraw as counsel on the ground that the appeal is frivolous or without merit, he or she must satisfy the following procedural requirements: 1) notify the inmate of his or her request to withdraw; 2) furnish the inmate with a copy of a sufficient brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), or a no-merit letter; and 3) advise the inmate of his or her right to retain new counsel or raise any new points deemed worthy of consideration by submitting a brief on his or her behalf. *Encarnacion v. Pennsylvania Board of Probation and Parole*, 990 A.2d 123, 125 (Pa. Cmwlth. 2010); *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 22-25 (Pa. Cmwlth. 2009 (en banc). Where the inmate has a constitutional right to counsel, an *Anders*

2

brief is required and withdrawal is allowed only if the appeal is wholly frivolous. *Hughes*, 977 A.2d 22-26. If there is not a constitutional right to counsel, counsel may satisfy his or her obligations by filing a no-merit letter, rather than an *Anders* brief, and the standard is whether the claims on appeal are without merit. *Seilhamer*, 996 A.2d at 42 n.4; *Hughes*, 977 A.2d at 24-26.

Here, there is no constitutional right to counsel and only a no-merit letter is required. *Seilhamer*, 996 A.2d at 42-43 n.4; *Hughes*, 977 A.2d at 26. Although Counsel here filed an *Anders* brief, rather than a no-merit letter, his obligations will be satisfied provided that his *Anders* brief contains all the information that must be included in a no-merit letter. *Seilhamer*, 996 A.2d at 42-43; *Hughes*, 977 A.2d at 26 n.4. A no-merit letter must set forth: (1) the nature and extent of counsel's review of the case; (2) each issue that the inmate wishes to raise on appeal; and (3) counsel's explanation of why each of those issues is meritless. *Seilhamer*, 996 A.2d at 43; *Hughes*, 977 A.2d at 26.

Upon review of Counsel's petition and accompanying brief, it is clear that Counsel has satisfied both the procedural and the substantive requirements necessary to withdraw as appointed counsel. With regard to the procedural requirements, Counsel: (1) notified Mr. Gibson of his request to withdraw as appointed counsel; (2) furnished Mr. Gibson with a copy of Counsel's petition to withdraw and the *Anders* brief filed in support of Counsel's petition to withdraw; and (3) advised Mr. Gibson of his right to retain new counsel, to proceed *pro se* and to raise any additional issues that Mr. Gibson determines are worthy of review by this Court. *Miskovitch v. Pennsylvania Board of Probation and Parole*, 77 A.3d 66, 69 (Pa. Cmwlth. 2013). Further, in his *Anders* brief, Counsel has set forth: (1) the nature of his review of the case; (2) the issues that Mr. Gibson sought

3

to raise in his *pro se* petition for review; and (3) an explanation, citing relevant statutory and case law, as to why Counsel believes that each issue is without merit. Accordingly, this Court may grant Counsel's Petition to Withdraw as Counsel and proceed to the merits of Mr. Gibson's Petition for Review.

The circumstances that led to Mr. Gibson's appeal to this Court are as follows. He was released on parole on January 20, 2010 with a parole violation maximum date of April 29, 2015. (Certified Record (C.R.) at 12, Order to Release on Parole/Reparole.) Following his April 14, 2013 arrest and subsequent charge with drug and firearms offenses, the Board issued a warrant on the same date to commit and detain; he was granted Release on Recognizance (ROR) bail on June 27, 2013, but remained confined on the Board's detainer. (C.R. at 28, Warrant to Commit and Detain.) Mr. Gibson waived his preliminary hearing on the parole violation, admitting to having been in a bar without Board staff permission. (C.R. at 46-47, Waiver of Violation Hearing and Counsel/Admission Form.) He was subsequently recommitted, by a June 10, 2013 Board decision, as a technical parole violator for a period of six months, for violation of the parole condition that he refrain from entering an establishment that sells or dispenses alcohol. (C.R. at 35, Criminal Docket.) Mr. Gibson was found guilty of the new charges on March 11, 2015 and his ROR bail was revoked; on July 17, 2015, he received a sentence on the new charges of 56 to 120 months plus five years of probation. (*Id.*) He was represented by counsel at an August 20, 2015 parole revocation hearing, and by Board action mailed September 24, 2015, he was recommitted to a State Correctional Institution as a convicted parole violator for a total of 18 months backtime, with a parole violation maximum date of February 8, 2019. (C.R. at 102-103, Notice of Board Decision.)

4

Mr. Gibson timely challenged the Board's decision with the submission of an Administrative Remedies Form, on October 1, 2015.[2] (C.R. at 106, Administrative Remedies Form.) By decision mailed December 16, 2015, the Board indicated that it found no grounds to grant administrative relief.[3] (C.R. at

---

[2] Mr. Gibson appealed the Board's determination on the grounds that his revocation hearing was not timely held, that the Board relied on hearsay at his revocation hearing, and that he was not awarded proper credit on his original sentence. (C.R. at 106, Administrative Remedies Form.)

[3] The Board explained its method of calculation of Mr. Gibson's maximum sentence date as follows:

> The Board paroled you from a state correctional institution [ ] on January 20, 2010 with a maximum sentence date of April 29, 2015. This left you with a total of 1925 days remaining on your sentence (i.e. from 01/20/2010 to 04/29/2015=1925 days). The Board's decision to recommit you as a convicted parole violator authorized the recalculation of your sentence to reflect that you received no credit for the time you were at liberty on parole. 61 Pa. C.S. § 6138(a)(2). The Board did not grant you credit for liberty on parole in this instance. This means you still had 1925 days remaining on your sentence.
>
> On April 14, 2013, the Board detained you for parole violations. Authorities subsequently detained you for new criminal charges docketed…on April 15, 2013. The court released you on ROR bail June 27, 2013, but you remained confined on the board detainer. On March 11, 2015, the court found you guilty of the new criminal charges and revoked your ROR bail. The court sentenced you to a new term of imprisonment to be served in an SCI on July 17, 2015.
>
> Based on these facts, the Board gave you 623 days of credit on your original sentence for the periods you were incarcerated solely on the board detainer from April 14, 2013 to April 15, 2013 (1 day) and from June 27, 2013 to March 11, 2015 (622 days). *Gaito v.* [*Pennsylvania*] *Board of Probation and Parole*, 412 A.2d 568 (Pa. 1980). However, the Board did not give you any credit from April 15, 2013 to June 27, 2013 because you were held on both the new criminal charges and the board detainer during that period. As such, credit for that time must apply to your new sentence when it

5

110-111.) The Board's response included notification that in order to appeal its decision, Mr. Gibson would be required to file an appellate petition for review with this Court within thirty days. (C.R. at 111, Board Response.) Mr. Gibson did not file an appellate petition for review with this Court; instead, he filed with the Board a Request for Administrative Review postmarked March 8, 2016 and a subsequent Request for Administrative Review postmarked May 4, 2016. (C.R. at 112-115 and 119-122, Requests for Administrative Review.) In both these requests for administrative review, Mr. Gibson challenged only his parole violation maximum date, arguing essentially that the Board had impermissibly altered his judicially imposed sentence by extending his maximum date. (*Id*.) In its August 1, 2016 response, the Board dismissed both petitions for administrative relief as untimely. (C.R. at 124, Board Response.) Mr. Gibson then filed a *pro se* Petition for Review with this Court on August 22, 2016. Counsel was appointed to represent Mr. Gibson on September 1, 2016 and on November 15, 2016, Counsel filed a Petition for Leave to Withdraw as Counsel and an *Anders* brief in support thereof.

The only arguments raised by Mr. Gibson in his Petition for Review to this Court are that his appeal to the Board was not untimely, and that the Board impermissibly altered his judicially imposed sentence by extending his maximum date. We conclude that neither of these arguments has merit.

The Board's decision at issue was mailed on September 24, 2015. Appeals from revocation decisions and petitions for administrative review must be

---

is calculated. *Id*. Subtracting the 623 days of credit you received from the 1925 days you had remaining left 1302 days to serve on your sentence.

(C.R. at 110-111, Board Response.)

6

filed within 30 days of the mailing date of the Board's order, 37 Pa. Code §§ 73.1(a)(1) and (b)(1). Second or subsequent petitions for administrative review and petitions for administrative review which are out of time will not be received. 37 Pa. Code § 73.1(b)(3). Failure to file an administrative appeal from the Board's determination within 30 days of the determination's mailing date will result in a dismissal for being untimely. *McCaskill v. Pennsylvania Board of Probation and Parole*, 631 A.2d 1092, 1095 (Pa. Cmwlth. 1993). We note here that while the Board's rule is that appeals and petitions for administrative review must be received within 30 days, the timeliness of *pro se* mailings by inmates is governed by the prisoner mailbox rule, under which the document is considered filed on the date that the inmate delivered it to prison authorities or placed it in the prison mailbox, regardless of when it is received by the Board. *Sweesy v. Pennsylvania Board of Probation and Parole*, 955 A.2d 501, 502 (Pa. Cmwlth. 2008); *Pettibone v. Pennsylvania Board of Probation and Parole*, 782 A.2d 605, 607-608 (Pa. Cmwlth. 2001). Here, Mr. Gibson's March and May 2016 administrative appeals were postmarked more than five months after the Board's decision and there is no indication that appeals were delivered to prison authorities within 30 days of the Board's determination. Therefore, Mr. Gibson's administrative appeals were appropriately barred as untimely.

Moreover, Mr. Gibson's underlying ground of appeal, that the Board lacked the authority to extend his maximum parole date beyond that originally set by the Philadelphia County sentencing court, is equally without merit. This Court has distinguished backtime imposed by the Board upon parole violators from sentences imposed by the judiciary upon convicted criminal defendants. In *Krantz*

*v. Pennsylvania Board of Probation and Parole*, 483 A.2d 1044 (Pa. Cmwlth. 1984), we stated:

> A "sentence" has been defined as the judgment formally pronounced by the court upon a defendant who has been convicted in a *criminal* prosecution which awards the punishment to be inflicted. By comparison, "backtime" is merely that part of an *existing* judicially-imposed sentence which the Board directs a parolee to complete following a finding after a *civil* administrative hearing that the parolee violated the terms and conditions of parole, which time must be served before the parolee may again be eligible to be considered for a grant of parole.

*Krantz,* 483 A.2d at 1047 (citations omitted.) Our Pennsylvania Supreme Court has made clear that the Board's authority to recalculate the sentence of a convicted parole violator "is not an encroachment upon the judicial sentencing power." *Young v. Commonwealth Board of Probation and Parole*, 409 A.2d 843, 847 (Pa. 1979). Rather, the extension of the maximum date merely required the inmate to serve his full original sentence. *Id*. Therefore, the Board did not exceed its authority when it recalculated Mr. Gibson's maximum date to February 8, 2019.

For the foregoing reasons, we grant Counsel's Application to Withdraw and affirm the Board's August 1, 2016 decision to dismiss Mr. Gibson's administrative appeals as untimely.

_____
**JAMES GARDNER COLINS, Senior Judge**

8

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Billy Gibson,                                  :
                                               :
                    Petitioner                 :
                                               :
          v.                                   : No. 1456 C.D. 2016
                                               :
Pennsylvania Board of                          :
Probation and Parole,                          :
                                               :
                    Respondent                 :


# O R D E R

AND NOW, this 30th day of March, 2017, the Petition for Leave to Withdraw as Counsel filed by Richard C. Shiptoski, Esquire, Assistant Public Defender of Luzerne County, in the above-captioned matter is hereby GRANTED. The August 1, 2016 decision of the Pennsylvania Board of Probation and Parole, entered in the above-captioned matter, is hereby AFFIRMED.


**JAMES GARDNER COLINS, Senior Judge**