Thomas O. Brown, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs October 16, 1980, to President Judge CRUMLISH and Judges WILKINSON, JR., MENCER, ROGERS, BLATT, CRAIG, MACPHAIL, WILLIAMS, JR. and PALLADINO.

*Stuart Wilder,* Assistant Public Defender, for petitioner.

*Robert A. Greevy,* Assistant Attorney General, with him *Arthur R. Thomas,* Assistant Attorney General, and *Harvey Bartle, III,* Acting Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, January 21, 1981:

On March 27, 1980, Thomas O. Brown (Petitioner) filed a Petition for Review with this Court of the March 13, 1980 order of the Pennsylvania Board of Probation and Parole (Board) that ordered Petitioner recommitted as a technical parole violator. The petition sets forth that it was filed pursuant to Section 763 of the Judicial Code (Code), Act of April 28, 1978, P.L. 202, 42 Pa. C. S. §763 which gives this Court jurisdiction over direct appeals from government agencies. The petition is endorsed with notice to plead. The Board filed an answer with new matter to which Petitioner filed a reply. Petitioner then filed a motion for judgment on the pleadings.

While Petitioner's pleadings followed the practice in this Court in the past, they are in the instant case improper. In *Bronson v. Pennsylvania Board of Probation and Parole,* Pa. , 421 A.2d 1021 (1980), our Supreme Court reviewed our past practice with respect to such petitions and held that it was incumbent upon us to analyze each petition for review involving actions of the Board to determine whether,

in fact, the petition was a direct appeal from a final order of the Board or whether it should be treated as having been filed in our original jurisdiction.

Our analysis of the instant Petition for Review leaves us with no doubt that this is a direct appeal notwithstanding the nature of the pleadings now before us. There is no request in the petition for a mandamus. The gravamen of the petition is that the Petitioner's constitutional rights have been violated by the Board's order. There is, of course, a final appealable order by the Board. Lastly, as we have noted, the petition states that it has been filed pursuant to Section 763 of the Code (our appellate jurisdiction) rather than pursuant to Section 761 of the Code (our original jurisdiction).

Accordingly, being satisfied that the petition now before us should properly be treated as a direct appeal, we will disregard the motion for judgment on the pleadings and proceed to a disposition of the merits of the appeal. The briefs filed by the parties are more than adequate for us to determine whether that order should be affirmed or reversed.

The relevant facts are not in dispute. Petitioner was sentenced on October 2, 1959 in the Court of Common Pleas of Allegheny County to consecutive terms of three to ten years and two to ten years. The total sentence, effective May 15, 1959, was five to twenty years with a minimum expiring August 15, 1964 and a maximum expiring August 15, 1979. Petitioner was subsequently paroled but recommitted on five different occasions and, as a result, the maximum of his sentence became November 2, 1987.

On August 16, 1979, the Board took action concerning the Petitioner as follows: "reparole August 20, 1979 to an approved plan. Close supervision. Out-patient therapy — alcohol — psychiatric/psycho-

logical—to be included in plan. *Continuation of Antibuse (sic) medication mandatory.* Must maintain employment. *Do not consume intoxicating beverages."* (Emphasis added.)

On December 5, 1979, Petitioner was arrested by police and agents of the Board on charges of technical parole violation. Petitioner was accused of violating Condition 6 (failure to notify the agent of loss of employment within 72 hours) and Condition 11 (failure to abstain from the use of alcoholic beverages and failure to continue prescribed medication).

All required hearings were afforded Petitioner by the Board and he was represented by counsel at all critical stages of the proceedings against him. On March 12, 1980, the Board recorded its decision and took action as follows:

> Recommit as a technical parole violator and review in December, 1982. Reasons—Violation of Condition 11 established; Recommitted five times; Your drinking is out of control and you are a threat to the community; History of alcohol addiction and failure to benefit from efforts to provide treatment.

Petitioner presents two issues for our review: 1) whether three years incarceration for violating a condition of parole that parolee, who had a drinking problem, refrain from using alcohol constitutes cruel and unusual punishment under Article VIII of the Constitution of the United States and 2) whether the Board's recommitment order constitutes an abuse of its discretion.

Petitioner argues that it is cruel and unusual punishment, violative of his Eighth and Fourteenth Amendments rights, to recommit a parolee for a period of three years solely because he has a drinking problem and violates a condition of parole proscrib-

ing alcohol use. Initially it must be noted that Petitioner was not recommitted because he has a drinking problem, but rather because he has failed to follow treatment specifically prescribed to control that problem and because he had a previous history of parole violations which resulted in no fewer than five recommitments.

*Robinson v. California,* 370 U.S. 660 (1962) and *Powell v. Texas,* 392 U.S. 514 (1968) relied upon by Petitioner do not decide the issue raised by this case. Petitioner has not been "sentenced" for three years for drinking as he contends. Rather, he has been recommitted for failure to comply with reasonable conditions of his parole. There is a vast difference. The former may very well be prohibited by *Robinson v. California, supra,* but the latter is specifically authorized by Section 23 of the Act of August 6, 1941, P.L. 861, 61 P.S. §331.23. To the extent that *Powell v. Texas, supra* may be controlling, we are of the opinion that the Board's order complies with the holding of that case. *Rummel v. Estelle,* U.S. (decided March 18, 1980) also cited by the Petitioner discusses the issue of whether or not the *sentence* of a recidivist was so grossly disproportionate to the defendant's offenses as to be violative of the Eighth Amendment to the United States Constitution. Again, that issue is not before us here. With respect to Petitioner's contention that his incarceration by virtue of the recommitment is for three years, this Court has previously held that Section 22 of the Act of August 6, 1941, P.L. 861, *as amended,* 61 P.S. §331.22, provides that the Board has a duty to consider applications for parole and places no restriction on Petitioner's right to file such applications prior to the Board's proposed sua sponte review in December of 1982. *Pierce v. Pennsylvania Board of Pro-*

*bation and Parole,* 46 Pa. Commonwealth Ct. 507, 406 A.2d 1186 (1979).

We conclude that the Board's order does not constitute cruel and unusual punishment nor does it violate the Petitioner's due process rights under Article XIV of the United States Constitution.

Nor do we find any merit in Petitioner's claim that the Board's recommitment order constitutes an abuse of discretion. Petitioner admits that he had again begun to use alcohol and had discontinued his use of antabuse. Petitioner does not, and indeed could not, challenge the Board's power to establish conditions for parole. Section 23 of the Act of August 6, 1941, 61 P.S. §331.23. Petitioner contends that Condition 11 was unreasonable. We cannot agree. The conditions of Petitioner's parole were manifestly logical and could have resulted in his complete rehabilitation had he adhered thereto. It was not unreasonable for the Board to require Petitioner to refrain from using alcohol as a condition of parole where substantial medical and psychological support was provided. It may well be unreasonable to expect an alcoholic to cure himself or herself, but it is not unreasonable to expect an alcoholic to follow a well-planned program for cure.

Section 21.1 of the Act of August 6, 1941, gives the Board the power to recommit a technical parole violator for the remainder of his original sentence or sentences. 61 P.S. §331.21a. In the instant case, the Board has recommitted Petitioner for less than the remainder of his original sentences. We cannot say that this is an abuse of discretion especially in view of the fact that Petitioner has previously been recommitted five times.

Order affirmed.

Judge WILLIAMS, JR. dissents.

## Order

And Now, this 21st day of January, 1981 the order of the Board of Probation and Parole, entered March 12, 1980, recommitting Thomas O. Brown as a technical parole violator is affirmed.