Calvin Brown, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs to Judges ROGERS, CRAIG, and MACPHAIL, sitting as a panel of three.

*Timothy P. Wile,* Assistant Public Defender, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him *Robert A. Greevy,* Chief Counsel, *Jay C. Waldman,* General Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, March 7, 1983:

Petitioner, Calvin Brown, appeals from an order of the Board of Probation and Parole (Board) entered March 19, 1981 on the ground that the delay between the Board's revocation hearing held September 3, 1975 and the Board's order of March 19, 1981 computing his back time[1] violated his constitutional rights under the Sixth[2] and Fourteenth[3] Amendments to the U. S. Constitution, Article I, Section 9 of the Pennsylvania Constitution[4] and 37 Pa. Code §71.4(9).[5]

Petitioner contends that the computation of his back time is an integral part of the revocation of his parole and that the delay between the Board's two

---

[1] Petitioner was in the custody of federal authorities at the Federal Correctional Institution at Danbury during this entire period of time.

[2] Insofar as the Sixth Amendment guarantees the accused a speedy trial.

[3] Insofar as the Fourteenth Amendment guarantees due process in state courts.

[4] Insofar as Article I, Section 9 guarantees certain rights to the accused in criminal prosecutions.

[5] 37 Pa. Code §71.4(9) provides that:

If revocation is ordered, the Board will state the date for reparole reconsideration, if applicable. The order will be transmitted to the parolee and his attorney, if any.

orders was prejudicial to him. At the outset, we observe that if Petitioner was of the opinion that he was prejudiced by the Board's failure to compute his back time in its order relative to the hearing of September 3, 1975, he had remedies available to him to correct the alleged error at that time either by means of an administrative appeal or by an action in mandamus. Having failed to avail himself of those remedies, he cannot now claim prejudice by reason of delay.

Apart from the issue of prejudice, we must observe that this Court has held that the computation of a parolee's back time is not a sentence nor is it analogous to a sentence, as contended by Petitioner. *Brown v. Pennsylvania Board of Probation and Parole,* 56 Pa. Commonwealth Ct. 197, 424 A.2d 596 (1981). It follows that the constitutional rights of a parolee under the Sixth Amendment to the U. S. Constitution have not been violated by the Board's order.

Concerning his due process rights under the Fourteenth Amendment, Petitioner relies upon the language in *Morrissey v. Brewer,* 408 U.S. 471 (1972) which requires the Board to offer Petitioner a revocation hearing within a reasonable time from the date the Board becomes aware of the violation. Petitioner admits that he had a timely hearing but contends that inasmuch as the Board did not compute his back time in its order, the revocation process was not complete. We disagree.

Petitioner points to no statutory or case law that would require the Board to compute his back time as a part of its adjudication following a revocation hearing, and we have found no such authority. 37 Pa. Code §71.4(9) does require the Board to state the date for reparole consideration if it orders revocation. It does not appear that this was done in the instant case but that deficiency was cured by the Board in its order of March 19, 1981 which computed the Petitioner's

back time and fixed the time for reparole consideration for February of 1983. Petitioner does not complain here that his back time was erroneously computed or that the date fixed for reparole consideration is unfair to him.

Order affirmed.

### ORDER

The order of the Pennsylvania Board of Probation and Parole entered March 19, 1981 is affirmed.