# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David M. Tres,                          :
               Petitioner          :
                      :
      v.                             :   No. 828 C.D. 2018
                      :   Submitted:  November 9, 2018
Pennsylvania Board of                   :
Probation and Parole,                   :
              Respondent          :


BEFORE:  HONORABLE ROBERT SIMPSON, Judge
             HONORABLE P. KEVIN BROBSON, Judge
             HONORABLE ELLEN CEISLER, Judge


*OPINION NOT REPORTED*


MEMORANDUM OPINION
BY JUDGE BROBSON          FILED:  June 3, 2019


         Petitioner David M. Tres (Tres) petitions for review of a final determination of the Pennsylvania Board of Probation and Parole (Board), mailed May 24, 2018.  The Board affirmed its prior decision, recorded on March 1, 2017 (mailed March 17, 2017), thereby denying Tres's request for administrative relief, in which he sought to challenge the Board's recalculation of his maximum sentence date.  Tres's counsel, David Crowley, Esquire (Counsel), filed an application to withdraw as counsel.  Counsel asserted, as expressed in his no-merit letter,[1] that the

---

[1] In *Anders v. California*, 386 U.S. 738 (1967), the Supreme Court of the United States held that in order for a criminal defendant's counsel to withdraw from representing his client in an appeal, the counsel must assert that the case is completely frivolous, as compared to presenting an absence of merit. *Anders*, 386 U.S. at 744.  An appeal is completely or "wholly" frivolous when there are no factual or legal justifications that support the appeal.  *Craig v. Pa. Bd. of Prob. &*

issues Tres raises in his petition for review are without merit. For the reasons set forth below, we grant Counsel's application to withdraw and affirm the decision of the Board.

By action recorded on August 3, 2015, the Board granted Tres parole. (Certified Record (C.R.) at 4.) Tres was officially released from confinement at a State Correctional Institution on October 6, 2015. (*Id.* at 7.) At the time of his parole, Tres had a maximum sentence date of October 6, 2018. (*Id.*)

On June 11, 2016, the Upper Darby Police Department arrested Tres on various charges relating to possession of a firearm. (*Id.* at 12-15.) That same day, the Board issued a warrant to commit and detain Tres. (*Id.* at 11.) Tres posted bail on July 25, 2016. (*Id.* at 44.) Tres waived his right to a detention hearing and counsel, and by Board action recorded on August 16, 2016 (mailed on August 24, 2016), the Board detained Tres pending resolution of his criminal charges. (*Id.* at 22, 25.) On October 18, 2016, the Court of Common Pleas of Delaware County convicted Tres of possession of a firearm prohibited and receiving stolen property and sentenced him to an aggregate term of 42 to 96 months. (*Id.* at 26-27.)

---

*Parole*, 502 A.2d 758, 761 (Pa. Cmwlth. 1985). In seeking to withdraw, counsel must submit a petition to withdraw and a brief "referring to anything in the record that might arguably support the appeal." *Cmwlth. v. Baker*, 239 A.2d 201, 202 (Pa. 1968) (quoting *Anders*, 386 U.S. at 744). The Supreme Court of Pennsylvania, however, has held that in matters that are *collateral* to an underlying criminal proceeding, such as parole matters, a counsel seeking to withdraw from his representation of a client may file a "no-merit" letter that includes information describing the extent and nature of the counsel's review, listing the issues the client wants to raise, and informing the court of the reasons why counsel believes the issues have no merit. *Cmwlth. v. Turner*, 544 A.2d 927, 928-29 (Pa. 1988).

Tres waived his right to a revocation hearing and counsel. The Board prepared a hearing report, dated January 6, 2017, which Board members signed on January 19, 2017, and February 21, 2017. (*Id.* at 34-41.) Thereafter, by action recorded on March 1, 2017 (mailed on March 17, 2017), the Board recommitted Tres as a convicted parole violator for a period of 24 months' back time. (*Id.* at 54.) The Board recalculated Tres's maximum sentence date as November 29, 2019, and calculated Tres's parole eligibility date as November 28, 2018. (*Id.*)

On or about April 6, 2017, Tres filed a request for administrative relief with the Board. (*Id.* at 60-63.) Tres argued that the Board erred in recalculating his maximum sentence date because it failed to properly credit his sentence and did not recommit him until February 21, 2017—months after his conviction on October 18, 2016. (*Id.*) Tres also argued that the Board erred in calculating his reparole eligibility date. (*Id.*) Almost one year later, by letter dated March 28, 2018, Counsel requested that the Board answer Tres's request for administrative relief. (*Id.* at 65.) Thereafter, the Board issued a final determination, dated May 24, 2018, denying Tres's challenge. (*Id.* at 67-68.) In so doing, the Board reasoned:

> Mr. Tres was released on parole on October 6, 2015, with a maximum sentence date of October 6, 2018. At that point, 1096 days remained on his sentence. The Board has the authority to establish a parole violation maximum date in cases of convicted parole violators. *See Young v. Commonwealth*, 409 A.2d 843 (Pa. 1979); *Armbruster v. Pa. Bd. of Prob. & Parole*, 919 A.2d 348 (Pa. Cmwlth. 2007). Because he was recommitted as a convicted parole violator, Mr. Thomas [sic][2] is required to serve the remainder of his original term and is not entitled to credit for any periods of time he was at liberty on parole. 61 Pa. C.S. § 6138(a)(2). Mr. Thomas [sic] was sentenced to state incarceration on October 18, 2016. He is entitled

_____

[2] The Board appears to mistakenly refer to Mr. Tres as Mr. Thomas.

3

to 85 days credit on his parole violation maximum date for the time he was detained solely by the Board from July 25, 2016[,] to October 18, 2016. *Gaito v. Pa. Bd. of Prob. & Parole*, 412 A.2d 568 (Pa. 1980). Because he was sentenced to state incarceration, he is required to serve his original sentence prior to his new sentence. 61 Pa. C.S. § 6138(a)(5)(i). However, that provision does not take effect until a parolee is recommitted as a convicted parole violator. Thus, he did not become available to commence service of the original sentence until the Board voted to recommit him as a parole violator on February 21, 2017. *Campbell v. Pa. Bd. of. Prob. & Parole.* 409 A.2d 980 (Pa. Cmwlth. 1980). Adding 1011 days (1096 [minus] 85) to October 10, 2016[,] results in the November 29, 2019 parole violation maximum date. The "parole eligibility" date listed on the decision is a reflection of the application [sic] presumptive range for the new conviction. The Board understands Mr. Tres has the right to apply for parole and will process any application filed accordingly.

(*Id.* at 67.)

Tres then filed this instant petition for review on June 19, 2018, arguing that the Board failed to credit his original sentence with all the time to which he is entitled. Just prior to the filing of the petition for review, the Board issued a decision, dated June 18, 2018, granting reparole to Tres. (*Id.* at 58.) In that decision, the Board noted Tres's maximum sentence date as November 29, 2019, consistent with its earlier action. (*Id.*)

Before evaluating the merits of Tres's challenge, we will first address Counsel's application to withdraw from his representation of Tres. When no constitutional right to counsel is involved in a parole case, an attorney seeking to withdraw from representing a prisoner may file a no-merit letter, as compared to an *Anders* brief. In *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19 (Pa. Cmwlth. 2009) (en banc), this Court held that a constitutional right to counsel in a parole matter arises only when the prisoner's case includes:

4

[a] colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present.

*Hughes*, 977 A.2d at 25-26 (quoting *Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973)). The record in this matter contains no suggestion by Tres that he did not commit the crimes for which he received a new criminal conviction, nor does Tres suggest any reasons to justify or mitigate the parole violation—*i.e.*, his new criminal conviction. Thus, Tres has only a statutory right to counsel under Section 6(a)(10) of the Public Defender Act.[3]

In order to satisfy the procedural requirements associated with no-merit letters, counsel must: (1) notify the parolee that he has submitted to the Court a request to withdraw; (2) provide the parolee with a copy of counsel's no-merit letter; and (3) advise the parolee that he has the right to obtain new counsel and to submit to the Court a brief of his own, raising any arguments that he may believe are meritorious.[4] *Reavis v. Pa. Bd. of Prob. and Parole*, 909 A.2d 28, 33 (Pa. Cmwlth. 2006). In seeking to withdraw, this Court has consistently required an attorney to include the following descriptive information in a no-merit letter: (1) the nature and extent of counsel's review of the case; (2) the issues the parolee wants to raise; and (3) the analysis counsel used in reaching his conclusion that the issues are meritless. *Zerby v. Shanon*, 964 A.2d 956, 961 (Pa. Cmwlth. 2009). Consequently, before making an independent review of the merits of the appeal to determine

---

[3] Act of December 2, 1968, P.L. 1144, *as amended*, 16 P.S. § 9960.6(a)(10).

[4] Counsel served Tres with his application to withdraw and no-merit letter. Counsel advised Tres of his right to retain counsel and to file a brief on his own behalf. Thus, Counsel has complied with these requirements.

5

whether Tres's appeal has no merit, we must first evaluate Counsel's no-merit letter to determine whether it complies with the requirements for withdrawal applications.

In his petition for review, Tres argues that the Board failed to credit his original sentence with all the time to which he is entitled. Counsel's no-merit letter contains an adequate summary of Tres's parole and conviction history. Further, Counsel has discussed the issue and provided a satisfactory legal analysis.[5] Counsel's no-merit letter, therefore, meets the requirements under *Zerby*, and we may proceed to determine whether Counsel is correct that Tres's petition for review has no merit.

Section 6138(a) of the Prisons and Parole Code, 61 Pa. C.S. § 6138(a), gives the Board discretion to award credit for the time spent at liberty on parole.[6]

---

[5] In considering whether the Board failed to properly credit Tres for any time to which he may be entitled, Counsel addressed whether the Board: (1) abused its discretion in denying him credit for time at liberty on parole when it failed to provide a contemporaneous reason for denying him credit; and (2) erred in recalculating his maximum sentence date. In what appears to be an abundance of caution, Counsel also addressed an issue that Tres raised before the Board but abandoned in his petition for review filed before this Court—*i.e.*, whether the Board violated his due process rights as a result of the delay between the date of his conviction and the date the Board recommitted him as a convicted parole violator. Counsel, observing that the Board conducted a timely revocation hearing and, citing *Brown v. Pennsylvania Board of Probation and Parole*, 456 A.2d 1141 (Pa. Cmwlth. 1983), concluded that there was no legal support for such an argument. We agree. Tres waived his right to a revocation hearing. (C.R. at 33.) The Board received official verification of the October 18, 2016 conviction on January 4, 2017. (*Id.* at 26-27.) The Board prepared its hearing report on January 6, 2017, and recommitted Tres on February 21, 2017, well within the 120-day period in which the Board must conduct a revocation hearing as required by 37 Pa. Code § 71.4(1). (*Id.* at 34-41.) Under these circumstances, we, too, discern no due process violation.

[6] Section 6138(a) of the Prisons and Parole Code provides, in part:

(a) Convicted violators.--

(1) *A parolee under the jurisdiction of the board released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment*, for which the

6

When deciding not to award such credit, the Board must "provide a contemporaneous statement explaining its reason for denying a [convicted parole violator] credit for time spent at liberty on parole." *Pittman v. Pa. Bd. of Prob. and Parole*, 159 A.3d 466, 475 (Pa. 2017). Accordingly, so long as the Board provides a reason for denying credit for street time, it has sufficiently exercised its discretionary power. In this case, the Board explained its reason for denying Tres credit for his street time by checking the box on the hearing report denying credit and indicating that it denied credit due to the fact that Tres was arrested for a firearms charge. (C.R. at 36, 41.) The Board, therefore, has exercised its discretionary powers pursuant to Section 6138(a) of the Prisons and Parole Code and satisfied our Supreme Court's decision in *Pittman* when it provided a contemporaneous written

parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, *may at the discretion of the board be recommitted as a parole violator.*

(2) *If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.*

(2.1) *The board may, in its discretion, award credit to a parolee recommitted* under paragraph (2) for the time spent at liberty on parole, *unless* any of the following apply:

(i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa. C.S. § 9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa. C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).

(ii) The parolee was recommitted under section 6143 (relating to early parole of inmates subject to Federal removal order).

(Emphasis added.)

7

explanation for the denial. Accordingly, the Board did not abuse its discretion in denying him credit for time at liberty on parole.

In addition to the discretionary credit for periods of time spent at liberty on parole discussed above, a parolee may be entitled to credit on the sentence from which he was paroled for time spent in confinement prior to sentencing on a subsequent criminal conviction. When the Board has lodged a detainer and the parolee has not posted bail on his new criminal charges, such that the parolee is being confined on both the Board's detainer and as a result of the pending criminal charge, pre-sentence confinement credit must be applied to reduce the new sentence of incarceration unless the credit would exceed that new sentence of incarceration. *Martin v. Pa. Bd. of Prob. and Parole*, 840 A.2d. 299, 307-09 (Pa. 2003). To the contrary, when a parolee has posted bail, such that he is detained solely on the Board's warrant, the Board must apply the pre-sentence confinement credit to reduce the unserved balance of the sentence from which the parolee was paroled. *Gaito v. Pa. Bd. of Prob. and Parole*, 412 A.2d 568, 571 (Pa. 1980).

Furthermore, whether time spent in confinement subsequent to sentencing is applied to the sentence from which a parolee was paroled or to the sentence for a new criminal conviction depends upon whether the Board has recommitted the parolee. Section 6138(a)(4) of the Code, 61 Pa. C.S. § 6138(a)(4), provides that "[t]he period of time for which the parole violator is required to serve shall be computed from and begin on the date that the parole violator is taken into custody to be returned to the institution *as a parole violator*." (Emphasis added.) The provisions of Section 6138(a)(4), therefore, become operative only once the Board has revoked parole. *See Barnes v. Pa. Bd. of Prob. and Parole*, 203 A.3d 382, 391-92 (Pa. Cmwlth. 2019). In *Barnes*, we explained:

8

> [I]t is well established that the requirement that a [convicted parole violator] serve the balance of his original sentence is only operative once "parole has been revoked and the remainder of the original sentence becomes due and owing." Therefore, "credit for time a [convicted parole violator] spends in custody between imposition of a new sentence and revocation of parole must be applied to the new sentence." Parole revocation occurs once a hearing examiner and Board member or two Board members sign a hearing report recommitting a prisoner as a [convicted parole violator].

*Id.* (citations omitted).

Here, Tres had 1096 days left on his sentence when he was released on parole. (C.R. at 56.) Tres was arrested on the new charges on June 11, 2016, and he failed to post bail until July 25, 2016. (*Id.* at 16, 43.) Under *Martin*, the pre-sentence confinement time between June 11, 2016, and July 25, 2016, can only be applied to his new sentence. In compliance with *Gaito*, the Board credited Tres with the 85 days he was detained solely on its warrant from July 25, 2016, until he was sentenced on October 18, 2016. (C.R. at 56.) After applying the 85 day credit to Tres's remaining original sentence, his unserved balance is 1011 days. (*Id.*) At the time of his sentence, Tres had not yet been recommitted by the Board as either a technical or convicted parole violator, because the Board did not recommit Tres until February 21, 2017, when the second Board member signed the hearing report. (*Id.* at 41.) Thus, following sentencing, Tres did not begin to serve time on his original sentence until February 21, 2017, and the time between sentencing and February 21, 2017, must be credited to his new sentence under *Barnes*. As such, adding the remaining 1011 days of his sentence (full remaining sentence of 1096 days minus 85 credited days) to the start date of February 21, 2017, results in a new maximum sentence date of November 29, 2019. The Board, therefore, did not err in

9

its recalculation of Tres's new maximum sentence date, and it did not deny Tres any credit to which he is entitled.

Based on the foregoing discussion, we agree with Counsel that Tres's petition for review lacks merit, and, therefore, we grant Counsel's application to withdraw as counsel. Moreover, because we have concluded that Tres's appeal lacks merit, we affirm the order of the Board denying his administrative appeal.


P. KEVIN BROBSON, Judge

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

David M. Tres,                                    :
                           Petitioner             :
                                                  :
              v.                                  :     No. 828 C.D. 2018
                                                  :
Pennsylvania Board of                             :
Probation and Parole,                             :
                           Respondent             :

**O R D E R**


AND NOW, this 3rd day of June, 2019, the application to withdraw as counsel filed by David Crowley, Esquire, is GRANTED, and the final determination of the Pennsylvania Board of Probation and Parole is AFFIRMED.


_____
P. KEVIN BROBSON, Judge