William ELDRIDGE, Petitioner,

v.

## PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 25, 1996.
Decided Jan. 30, 1997.

William Eldridge, pro se, petitioner.

Robert A. Greevy, Assistant Counsel, Harrisburg, for respondent.

Before COLINS, President Judge, PELLEGRINI, J., and KELTON, Senior Judge.

PELLEGRINI, Judge.

Presently before this Court is a motion to quash filed by the Pennsylvania Board of Probation and Parole (Board) in response to a petition for review of the Board's decision denying parole filed by William Eldridge (Eldridge).

On August 19, 1989, Eldridge was convicted of involuntary deviate sexual intercourse and indecent assault for which he was sentenced to five to ten years in a state correctional institution. After his minimum date for release on parole, the Board reviewed Eldridge for parole consideration on several occasions. On the last of these occasions, the

Board refused to parole Eldridge in a decision rendered on September 14, 1995. In its decision, the Board stated the following general reasons for its refusal:

> Refuse. Your need for counseling and treatment. Failure to participate in and benefit from a treatment program for sex offenders. Recent psychological report which causes concern.

> Review in August, 1996.

> You must participate in sex offender treatment and all prescriptive programs. You must maintain a clear conduct record and an institutional recommendation for parole.

On May 13, 1996, Eldridge filed the present petition with this Court, challenging the Board's requirement that he participate in the treatment program for sex offenders. Eldridge avers that the program's requirement that he admit to committing the crime for which he was convicted violates his Fifth Amendment right against self-incrimination. Eldridge requests this Court to order his release on parole or to direct the Board not to consider his failure to participate in the program for sex offenders as a basis for denying parole.

The Board then filed the instant motion to quash Eldridge's petition. The Board argues that an appeal from a decision denying parole is unavailable despite the recent decision of *Burkett v. Love,* 89 F.3d 135 (3d Cir.1996), *rehearing denied,* 89 F.3d 135 (3d Cir., August 16, 1996) in which the Third Circuit concluded to the contrary. Citing to *Reider v. Pennsylvania Board of Probation and Parole,* 100 Pa.Cmwlth. 333, 514 A.2d 967 (1986), the Board contends that *Burkett* was wrongly decided, and that a decision by the Board to refuse parole is not subject to appellate review under Pennsylvania law.

This Court recently addressed this issue in *Weaver v. Board of Probation and Parole,* 688 A.2d 766 (Pa.Cmwlth.1997). In *Weaver,* this Court, in ruling upon a petition for mandamus, discussed *Reider* and rejected the Third Circuit's holding in *Burkett* by concluding that a prisoner cannot challenge a denial of parole via an appeal to this Court.

We reasoned that an appeal cannot be taken from a decision of the Board because there are too many variables for determining eligibility for parole and because parole is not a right, but a matter of grace lying solely within the Board's discretion. Moreover, where, as here, the prisoner is not challenging the Board's decision that he or she remains a danger to society because of a failure to complete a treatment program, but rather, is challenging the correction officials' operation of a treatment program that infringes upon his or her constitutional rights, this Court stated that an appeal from the Board's decision would not lie because the Board has no power to order the prison officials to implement a new program or change an existing program. *Weaver.* Adopting the reasoning of *Weaver,* we hold that a prisoner cannot appeal a decision of the Board denying him or her parole.

Accordingly, the Board's motion to quash is granted, and Eldridge's petition is dismissed.

KELTON, Senior Judge, dissents.

This decision was reached before the conclusion of Senior Judge KELTON's service.

### ORDER

AND NOW, this 30th day of January, 1997, upon consideration of Respondent's motion to quash, said motion is granted and Petitioner's petition is dismissed.