**William ELDRIDGE, Petitioner,**

v.

**Donald VAUGHN, John Campagna, Charles Fix, and Department of Corrections, Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 14, 1997.
Decided April 10, 1997.

William Eldridge, petitioner, for himself.

Raymond W. Dorian, Assistant Counsel, for respondents.

Before DOYLE and PELLEGRINI, JJ., and RODGERS, Senior Judge.

PELLEGRINI, Judge.

Presently before this Court is a preliminary objection in the nature of a demurrer filed by Donald Vaughn, John Campagna, Charles Fix, and the Department of Corrections (Corrections Defendants) in response to a petition for writ of mandamus filed by William Eldridge (Eldridge).

On December 23, 1996, Eldridge filed a petition for writ of mandamus in this Court challenging the Corrections Defendants' refusal to give him an institutional recommendation for parole in violation of his Fifth Amendment right against self-incrimination. In his petition, Eldridge alleges that, on August 15, 1989, he was convicted by a jury on the charges of rape, involuntary deviate sexual intercourse and indecent assault for which he was sentenced to a term of five to ten years.

Eldridge further alleges that during his psychological evaluation at SCI–Graterford with staff psychologist Charles Fix, Dr. Fix informed Eldridge that he had to participate in a sex offenders treatment program that required an admission of guilt to the crime for which Eldridge was committed. Eldridge informed Dr. Fix that he had already participated in several treatment programs, to which Dr. Fix responded that non-admitters therapy programs did not constitute sufficient therapy. Dr. Fix gave Eldridge an unfavorable recommendation before the Board of Probation and Parole (Board). Despite receiving favorable recommendations from the staff at SCI–Graterford, the Board relied upon Dr. Fix's opinion and denied Eldridge parole on September 14, 1995.

Eldridge avers that requiring him to participate in the sex offenders treatment program as a prerequisite to receiving a favorable recommendation for parole violates his Fifth Amendment right against self-incrimination. Eldridge requests this Court to compel the Corrections Defendants to recommend him for parole or, alternatively, to direct the Corrections Defendants that they cannot deny Eldridge institutional recommendation for parole based upon his failure

to participate in the sex offenders treatment program.[1]

▪ The Corrections Defendants then filed the present preliminary objection in the nature of a demurrer to Eldridge's petition. The Corrections Defendants contend that Eldridge has failed to state a cause of action in his petition because mandamus does not lie to compel a discretionary act. Because the decision to recommend a prisoner for parole lies solely within the discretion of the Department of Corrections, the Corrections Defendants contend that mandamus cannot compel them to issue such a recommendation.[2]

The availability of mandamus in the context of parole, including determinations of whether a prisoner is suitable for parole, was recently addressed by this Court in *Weaver v. Pennsylvania Board of Probation and Parole*, 688 A.2d 766 (Pa.Cmwlth.1997). After observing that mandamus generally does not lie to compel a discretionary act, this Court recognized an exception to that general rule and stated that "mandamus is an appropriate avenue to compel a governmental body to perform a discretionary act where its duty to perform that act is mandated by the law, and the body has refused to perform the act based upon an erroneous interpretation of the law." *Id.* at 776). Mandamus does not lie to compel a body vested with discretion to exercise that discretion in any particular manner or to arrive at a particular result. *Id.* at 777. Holding that mandamus cannot be used to compel the Board of Probation and Parole to release a prisoner on parole or to delineate those factors that must

be considered by the Board, this Court reasoned that:

> Mandamus is based upon a duty by an agency to follow a law and is available only when, under a correct interpretation of that law, the agency has an absolute ministerial duty—no choice—to act in a certain way. Mandamus cannot be used to say that an agency considered improper factors, that its findings of fact were wrong, or that the reasons set forth in its decision are a pretense. If that was the nature of mandamus, there would be no difference between it and an appeal from the agency's decision or other forms of actions to address those concerns. [Footnotes omitted.]

*Id.* at 777.

▪ In light of the holding and associated reasoning of *Weaver*, Eldridge has failed to state a cause of action in mandamus against the Corrections Defendants. The decision to grant a favorable recommendation for a prisoner to be released on parole lies solely within the discretion of the Corrections Defendants. Although mandamus may lie to compel the Corrections Defendants to perform their duty of issuing a recommendation, whether it be negative or favorable, mandamus cannot be used to delineate those factors that they must consider in issuing that recommendation. Mandamus cannot be used to say that the Corrections Defendants considered improper factors in issuing its recommendation.[3]

Accordingly, the Corrections Defendants' preliminary objection is granted, and El-

---

1. Eldridge also alleges that the Corrections Defendants have refused to provide a favorable recommendation for parole in retaliation for a federal civil action that he filed against them in July, 1996. However, the basis for Eldridge's mandamus action is that he received an unfavorable recommendation and was denied parole as a result thereof in 1995. There Corrections Defendants could not have retaliated against Eldridge in 1995 for a lawsuit that had not been filed until 1996.

2. In ruling on preliminary objections in the nature of a demurrer, this Court must accept as true all well-pleaded facts and all inferences reasonably deducible therefrom. *Stone and Ed-*

*wards Insurance Agency, Inc. v. Department of Insurance*, 151 Pa.Cmwlth. 266, 616 A.2d 1060 (1992). The question presented by a demurrer is whether, in the facts averred, the law says with certainty that no recovery is possible. *Jackson v. Garland*, 424 Pa. Super. 378, 622 A.2d 969 (1993).

3. Even if Eldridge were allowed to proceed on his mandamus action, he nevertheless could not succeed. As stated in *Weaver*, the requirement that a prisoner participate in a treatment program in which he or she is required to admit to the crime for which he or she was convicted does not violate the prisoner's Fifth Amendment right against self incrimination.

dridge's petition for a writ of mandamus is dismissed.[4]

## ORDER

AND NOW, this 10th day of April, 1997, upon consideration of Respondents' preliminary objections to Petitioner's petition, said preliminary objections are granted, and the petition is dismissed. Petitioner's petition to amend jurisdiction is denied.

---

4. On February 5, 1997, Eldridge filed a petition to amend or correct jurisdiction, indicating that he intended to pursue this matter in this Court's appellate jurisdiction. In an order dated February 13, 1997, Eldridge was directed to provide this Court with a copy of the Department of Corrections' November 11, 1996 determination refusing to recommend him for parole. Eldridge has not done so, and therefore, his petition to amend must be denied. Furthermore, the availability of an appeal to challenge the Department of Corrections' decision is questionable. *See Weaver; Eldridge v. Pennsylvania Board of Probation and Parole,* 688 A.2d 273 (Pa.Cmwlth.1997).