IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Braheem Morgan,                          :
                                         :
                    Petitioner           :
                                         :
            v.                           : No. 658 C.D. 2019
                                         : Submitted: November 1, 2019
Pennsylvania Board of                    :
Probation and Parole,                    :
                                         :
                    Respondent           :

BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                    FILED:  April 29, 2020

        Braheem Morgan (Morgan) petitions for review from an order of the
Pennsylvania Board of Probation and Parole (Board) that denied his request for
administrative review challenging the calculation of his maximum sentence date and
how credit was allocated between his original and new sentences.  Upon review, we
affirm the Board's order.

        In 1999 and 2000, Morgan was found guilty of three counts of robbery,
two counts of possession of an instrument of a crime, and conspiracy.  Certified
Record (C.R.) at 1.  Morgan was sentenced to serve a term of imprisonment of 11
years and 2 months to 22 years and 4 months.  *Id.*  Morgan's maximum sentence
date for the convictions was July 5, 2022.  *Id.*  On September 15, 2014, the Board
released Morgan on parole.  Morgan had 2,850 days remaining on his sentence at
the time that he was paroled. C.R. at 7-8.

On May 29, 2015, Morgan was arrested and charged with simple assault and recklessly endangering another person. *Id.* at 13, 27. On that same date, the Board issued a warrant to commit and detain Morgan for parole violations based on his arrest. *Id.* Morgan did not post bail on the foregoing charges. *Id.* at 26.

On June 15, 2015, Morgan was arrested on new charges for receiving stolen property, unlawful taking, and criminal conspiracy. *Id.* at 15-16. On the same date, the Board issued a second warrant to commit and detain Morgan for parole violations based on his arrest. *Id.* The trial court released Morgan on his own recognizance, but Morgan remained in custody solely on the Board's detainer pending disposition of the new charges. *Id.* at 16, 59.

On September 3, 2015, Morgan was found not guilty of simple assault and recklessly endangering another person. *Id.* at 34. On September 7, 2016, Morgan pled guilty to access to a device used to obtain property/service and criminal conspiracy, and was sentenced to a term of two to four years, and a three-year probationary term. *Id.* at 40. The remaining charges were dismissed.

Based on his new convictions, the Board charged Morgan as a convicted parole violator (CPV). C.R. at 46. Morgan waived his right to counsel and a revocation hearing. *Id.* at 49. A hearing examiner determined that Morgan should be recommitted as a CPV based on his convictions. *Id.* at 50-57. On February 16, 2017, the Board revoked Morgan's parole via the second signature on the hearing report. *Id.* at 57.

By decision dated March 1, 2017, the Board recommitted Morgan as a CPV to serve 24 months' backtime. C.R. at 78-79. The Board did not award Morgan credit for the time spent at liberty on parole, citing Morgan's prior failure to complete parole, that he was unamenable to parole supervision, and his new conviction. *Id.* at

2

53. The Board awarded Morgan credit for the 467 days[1] he spent confined solely under the Board's detainer based on his May and June 2015 arrests, which left a balance of 2,383 days (2,850 days – 467 days) remaining on his original sentence. The Board added the balance of 2,383 days to his recommitment date of February 16, 2017, recalculated Morgan's new maximum sentence date as August 27, 2023, and declared that he would not be eligible for parole until November 23, 2018. *Id.* at 78.

Morgan timely requested administrative review of the Board's March 1, 2017 decision on the basis that the Board miscalculated his reparole eligibility date. C.R. at 80. More particularly, Morgan asserted that he had "23 months incarcerated already" and that his reparole eligibility date "should be 5-17" because he was released on his own recognizance for the underlying criminal charge and, therefore, the days that he was confined solely on the Board's detainer prior to being recommitted as a CPV should be counted towards the 24 months of backtime. *Id.*

Morgan submitted a second request for administrative review of the Board's March 1, 2017 decision. C.R. at 86. Morgan requested that the 450 days he was confined prior to being convicted of the June 2015 theft charge be credited towards either the 24 months' backtime penalty or his new 2- to 4-year sentence instead of his original sentence. *Id.* at 86. There is no evidence in the record that the Board responded to either of these administrative review requests.

On August 30, 2018, the Board issued a decision to constructively reparole Morgan to begin serving his new sentence on November 23, 2018. C.R. at

---

[1] The Board credited Morgan for the 17 days he spent detained between May 29, 2015, and June 15, 2015, on the Board's warrant pending resolution of the simple assault and reckless endangerment of another person charges. The Board awarded Morgan credit for the 450 days he spent confined pending resolution of the June 2015 theft charges.

3

88. On October 18, 2018, the Board issued a decision modifying Morgan's reparole eligibility date, stating "DUE TO TECHNICIAN ERROR, MODIFY BOARD ACTION OF 03/01/2017 TO NOW READ: NOT ELIGIBLE FOR REPAROLE UNTIL 11/23/2017." *Id.* at 92. In effect, the Board reduced Morgan's backtime from 24 months to 12 months. Morgan's maximum sentence date remained August 27, 2023. *Id.* The next day the Board modified its August 30, 2018 decision to immediately constructively reparole Morgan to serve his new sentence. C.R. at 95.

In four separate letters, Morgan requested administrative review of the Board's October 2018 decision. C.R. at 99, 101-02, 104, 106. Morgan requested that the additional 12 months he served due to the technician's error be credited towards his new sentence. *Id.* In the last of the 4 requests, Morgan asked that "450 days [] be credit[ed] to my current 2- to 4-year sentence I'm serving. []Due to technician error, made by [the Board], in which [it] gave me [an] extra 12 month[s] to serve due [to an] error and the 450 days that I sat in State custody pending outcome of the new charges." C.R. at 106.

By decision mailed May 17, 2019, the Board denied Morgan's request for administrative review. *Id.* at 116-17. The Board explained that when Morgan was paroled on September 15, 2014, his original maximum sentence date was July 5, 2022, with 2,850 days remaining on his sentence. *Id.* When Morgan was recommitted as a CPV, the Board did not grant him credit for the time that he was at liberty on parole, leaving the full 2,850 days remaining on his sentence. *Id.* The Board awarded Morgan 17 days of confinement credit and 450 days of backtime credit for the time that he was detained solely on the Board's detainer, leaving 2,383 days remaining on his original sentence. *Id.* The Board explained that, under

4

Section 6138(a)(1), (4)-(5) of the Prisons and Parole Code (Parole Code),[2] Morgan was not available to begin serving the balance on his original sentence until he was recommitted as a CPV on February 16, 2017. *Id.* Thus, the Board concluded that, based on a recommitment date of February 16, 2017, Morgan's new maximum date was correctly calculated as August 27, 2023 (adding 2,383 days). *Id.* at 116-17. Morgan then petitioned this Court for review.[3]

Morgan, now represented by counsel, acknowledges that he must serve the backtime imposed prior to serving his new sentence. Morgan had served 20 months of the 24 months' backtime at the time that the Board corrected the technician error and reduced the backtime penalty to 12 months. Morgan appears to argue that the Board abused its discretion by failing to award him credit for the eight months that he served over the corrected backtime. Specifically, Morgan argues that he is entitled to credit for all of the time that he served that is not attributable to his new sentence and that any time spent in state custody that is not attributable to his backtime should be allocated to his new sentence.

However, Section 6138(a)(1) of the Parole Code provides that any parolee who, during the period of parole, commits a crime punishable by imprisonment and is convicted or found guilty of that crime may be recommitted as a CPV. 61 Pa. C.S. §6138(a)(1). A parolee recommitted as a CPV must serve the remainder of the term that he would have been compelled to serve had parole not been granted, with no credit for the time spent at liberty on parole, unless the Board

---

[2] 61 Pa. C.S. §6138(a)(1), (4)-(5).

[3] Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with law, and whether necessary findings were supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Miskovitch v. Pennsylvania Board of Probation and Parole*, 77 A.3d 66, 70 n.4 (Pa. Cmwlth. 2013), *appeal denied*, 87 A.3d 322 (Pa. 2014).

exercises its discretion to award credit. 61 Pa. C.S. §6138(a)(2), (2.1). If a new sentence is imposed, the parolee must serve the balance of the original sentence prior to the commencement of the new sentence. 61 Pa. C.S. §6138(a)(5)(i).

"The time served on recommitment is known as backtime." *Marshall v. Pennsylvania Board of Probation and Parole*, 200 A.3d 643, 648 (Pa. Cmwlth. 2018). "Backtime" is the portion (or all) of a parolee's original sentence that the Board directs a parolee to serve after a civil administrative hearing. *Krantz v. Pennsylvania Board of Probation and Parole*, 483 A.2d 1044, 1047 (Pa. Cmwlth. 1984). The amount of backtime imposed is used to calculate the parolee's reparole eligibility date. *Id.*

Time incarcerated shall be credited to a CPV's original term only when he has satisfied bail requirements for the new offense and, therefore, remains incarcerated solely on the Board's detainer. *Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568, 571 (Pa. 1980). Further, if a parolee is not convicted, or if no new sentence is imposed for that conviction on a new charge, the pre-trial custody time must be applied to the parolee's original sentence. *Id.*

In this case, the Board recommitted Morgan as a CPV. At the time of Morgan's parole, 2,850 days remained on his original sentence. C.R. at 76. The Board credited Morgan with a total of 467 days: 17 days of confinement credit and 450 days of backtime. *See Gaito*, 412 A.2d at 571; C.R. at 76. By subtracting a total of 467 days from 2,850, the Board correctly calculated a total of 2,383 days remained on Morgan's original sentence. *Id.*

Morgan did not become available to begin serving backtime until February 16, 2017, when the Board obtained the second signature recommitting him as a CPV. 61 Pa. C.S. §6113(b); C.R. at 57. Therefore, the Board correctly

calculated Morgan's new maximum sentence date as August 27, 2023, by adding 2,383 days to February 16, 2017. C.R. at 76. The 467 days Morgan served solely on the Board's detainer pending resolution of the charges were properly allocated to his original sentence. *See Gaito*, 412 A.2d at 571; 61 Pa. C.S. §6138(a)(2). The Board declared that Morgan would not be eligible for reparole until November 23, 2018, based on the 24 months of backtime imposed. C.R. at 78. Although the Board later reduced Morgan's backtime to 12 months[4] and adjusted his parole eligibility date to November 23, 2017, this did not affect the allocation of time credited between his original sentence and his new sentence, or otherwise alter the calculation of his maximum sentence date. *See Gaito;* 61 Pa. C.S. §6138(a)(5)(i).

Under Pennsylvania law a prisoner has no right to parole or reparole upon expiration of a minimum term. *Krantz*, 483 A.2d at 1047. Rather, parole is a matter of grace lying solely within the discretion of the Board. *Eldridge v. Pennsylvania Board of Probation and Parole*, 688 A.2d 273, 274 (Pa. Cmwlth. 1997). Thus, even though Morgan should have been eligible for reparole as early as November 23, 2017, he was not guaranteed reparole at that time. *See Eldridge; Krantz.* In sum, the Board properly allocated credit for the eight months Morgan served prior to his constructive reparole towards his original sentence. *Martin v. Pennsylvania Board of Probation and Parole*, 840 A.2d 299, 309 (Pa. 2003); *Gaito*, 412 A.2d at 571; *Krantz*, 483 A.2d at 1047.

---

[4] We note that both the original and corrected periods of backtime that were imposed fall within the presumptive ranges. *See* 37 Pa. Code §75.2 (aggregate presumptive range for Morgan's convictions was between 12 and 24 months). Because both the original and modified backtime imposed fall within the presumptive range, this Court will not review a challenge to the Board's exercise of discretion with respect to the length of the backtime that was imposed. *See Smith v. Pennsylvania Board of Probation and Parole*, 574 A.2d 558, 560 (Pa. 1990) ("As long as the period of recommitment is within the presumptive range for the violation, the Commonwealth Court will not entertain challenges to the propriety of the term of recommitment.").

Accordingly, we affirm the order of the Board denying Morgan's requests for administrative review.


_____
MICHAEL H. WOJCIK, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Braheem Morgan,               :
                                            :
              Petitioner  :
                                            :
        v.                 :  No. 658 C.D. 2019
                                            :
Pennsylvania Board of      :
Probation and Parole,      :
                                            :
          Respondent :

## O R D E R

AND NOW, this 29th day of April, 2020, the order of the Pennsylvania Board of Probation and Parole is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge